## O'MALLEY v. EAGAN, ET AL.
(No. 1677; Nov. 24, 1931; 5 Pac. (2d) 276)

BLUME, Justice.

The appellant has filed a petition for rehearing herein. Counsel have cited us to Shirley v. American Automobile Ins. Co., (Wash.) 300 Pac. 155 and Thompson v. Schirber, (Wash.) 2 Pac. (2d) 664, and claim that our decision in this case is inconsistent therewith. But we are unable to see how these cases can have any possible application in the case at bar. In the Shirley case the road was 187½ feet wide and the accident happened in the day time. The driver of the Shirley car was held to have been negligent in turning to his left instead of to his right. The trial court excused him on account of becoming confused by the sudden peril in which he was placed. But the Supreme Court said:

"But we cannot think this doctrine has application here. There was no sudden peril. The driver of the Shirley automobile saw the other automobile approaching for a long distance away and observed the eccentric manner in which it was being driven. He had almost a hundred feet of unincumbered highway to his right into which he could have turned with safety. Instead of doing so, he drove straight towards the oncoming automobile, and made no effort to avoid it until it was directly upon him."

The decision was, of course, correct under the facts in the case. In the Thompson case, Schirber, the appellant, was by the court found to have been on the wrong side of the road, and the trial court, as well as the Supreme Court, held him liable for the collision which occurred with the respondent's car, and it was correctly pointed out, in full accord with the principle stated in our original opinion, that Thompson, the respondent, who was on the right side of the road, had a right to presume that Schirber would turn away from his wrong side in order to avoid the collision. What the court said is very apropos in the case at bar:

"Appellant husband saw respondent's automobile when it was one fourth of a mile distant, yet continued to drive on the wrong side of the highway, occupying so much thereof that it was impossible for the respondent to pass. * * * Had the automobile of the respondent been standing still at the point where the collision occurred, where the respondent had a right to be, the accident would have happened just as it did happen."

In the case at bar counsel seek to hold liable the driver who was on his right side of the road until he came within fifty feet of the car which was on its wrong side, and, contrary to the principle stated in many cases cited in our original opinion, argue that he should not have turned to the left even then, though he had no room, or little room, to his right. They claim that it should be presumed that, had the respondent slowed down or stopped, Eagan would then have turned to his right. We are unable to see how there is any room for any such presumption under the facts in the case. Under the evidence, he had not so turned when he was within fifty feet of respondent's car, without any indication that even then he made the slightest move in that direction. But though we might indulge in the presumption that Eagan would have turned to his right, if the respondent had not turned to the left, all the probabilities are, in view of the extreme shortness of time, that the col-

lision would have occurred anyway, and merely in a slightly different manner.

Counsel take exception to our statement in the original opinion that they should have been able to point out how the accident could have been avoided. But surely, if the ingenuity of counsel cannot do so, it is hardly to be expected that a jury would have had any reasonable grounds for so finding. Counsel say further: "We submit that it is not incumbent on the plaintiff to show how the accident could have been avoided, if the negligence presented could reasonably have been the proximate cause of the injuries." Counsel perhaps did not mean that. To point out the proximate cause of the injuries as a result of defendant's negligence results in pointing out how the accident could have been avoided, had the respondent been in the exercise of reasonable care.

We have given the case the most careful consideration. The evidence is comparatively meager. The main testimony is that of the respondent himself. We must necessarily give our decision upon the evidence in the record, and that evidence, so far as we can see, fails to show how any negligence of the respondent was the proximate cause of the injuries in this case. We see no reason for a rehearing, and it must accordingly be denied.

*Rehearing Denied.*

KIMBALL, Ch. J., and RINER, J., concur.