CONVOY COMPANY, a corporation, and Truck Insurance Exchange, an association, Appellants (Plaintiffs below),

v.

Richard DANA, Appellee (Defendant below).

No. 2947.

Supreme Court of Wyoming.

Feb. 28, 1961.

K. W. Keldsen, Rawlins, for appellants.

Brimmer & Brimmer, Clarence A. Brimmer, Jr., Rawlins, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Chief Justice BLUME delivered the opinion of the court.

The defendant, Richard Dana, is the owner of a garage and repair shop situated on the south side of Highway 30 in Rawlins, Wyoming. The building sits back about fifty feet south of the highway. It is forty feet wide east and west and sixty feet deep north and south. A door about fourteen feet in width is located in the center front. On April 21, 1955, at about eight o'clock in the evening, Lee Churchill, who was driving a truck for the Convoy Company, appellant herein, drove his truck just inside of the door of the garage. At that time, and also the next morning, one truck was on the east side of the garage, another truck was on the west side, and a truck owned by C. H. Burdick was located in the middle of the garage, about thirty feet south of the door. Churchill drove his

truck to the garage because the air compressor which operated the foot brake was out of repair and he wanted to get another air compressor. He said nothing about his emergency brake being out of order. At that time one Goddard was in the garage working on Burdick's truck. It is disputed herein as to whether or not he was an employee of the defendant Dana or an independent worker. Goddard was busy working, as already stated, on the Burdick truck so Churchill, with the knowledge of Goddard, took off the air compressor, left the truck standing where he had driven it, and did not return until the next morning after the accident herein mentioned. During the evening of April 21st the defendant was not in the garage and he knew nothing about the Convoy truck. The next morning he found it standing where it had been placed the evening before. The man who owned the truck located on the east side of the garage wanted to get out of the garage, his truck having been repaired, but in order to be able to do so it was necessary to back the Convoy truck from where it was standing. Dana backed it out about fifty feet to permit the other truck to leave the garage. After the latter had left, defendant started to drive the Convoy truck back to where it had been standing. At that time Burdick and his wife were standing in back of the Burdick truck. When Dana had brought the Convoy truck close to the Burdick truck, he stepped on the airbrakes and found they were not working. He then grabbed the emergency brake and found that it was not in working order. As he was driving forward in the garage he drove at a speed not to exceed 1½ miles per hour. In other words, he drove very slowly. He testified that if the emergency brake had been in working order he could easily have stopped the truck before striking Burdick. He called to the Burdicks to get out of the way and swerved the truck trying to miss them. Mrs. Burdick got out of the way but C. H. Burdick did not and was caught between the tailgate of his own truck and the front of the Convoy truck. He was injured quite severely. Churchill admitted to Burdick that the accident was his fault and that he had no business tearing down the air compressor without telling the garage owner that he had done so. He admitted to Dana that he should have told him that there were no brakes on the truck. He also admitted that the emergency brake on the truck was not in working order. On November 15, 1955, Burdick brought an action against the Convoy Company in the United States District Court in the State of Washington and on June 20, 1956, received a judgment, pursuant to compromise, against the company and Lee Churchill in the sum of $5,000 on account of their negligence in inflicting injury upon him. The Convoy Company paid the judgment. C. H. Burdick and Lee Churchill transferred all of their right, title and interest in the judgment to that company. Thereafter the Convoy Company brought this action against the defendant to recover what it had paid to Burdick, namely the sum of $5,000 and costs, on the theory that it was entitled to be indemnified on account of the fact, as alleged in the petition, that Richard Dana alone was responsible for the injury inflicted upon Burdick. An answer was filed by the defendant generally denying the allegations of the petition and further claiming that if he were negligent the plaintiff Convoy Company was guilty of contributory negligence, was a joint tortfeasor, and was barred from recovering any judgment against the defendant.

The trial court rendered judgment in favor of the defendant, holding that the Convoy Company was a joint tort-feasor, jointly and severally liable for the injury inflicted upon Burdick and not entitled to any indemnity from the defendant. From that judgment the Convoy Company and its surety, plaintiffs, have appealed to this court. The surety company was joined herein but that seems to be of no importance.

Counsel for the appellants states his contentions as to why the district court erred in its judgment as follows:

"1. The Convoy Company was not guilty of contributory negligence as a

matter of law. The Convoy Company owed no duty to Burdick to have two separate systems of brakes working on the truck when the truck was placed in Dana's garage and the control over the vehicle was relinquished to an employee of Dana for the purpose of repairing the brakes. The Convoy Company owed no duty to Dana and the Convoy Company had a right to assume that Dana would not operate said truck without brakes and Dana had constructive knowledge that the airbrake system was dismantled.

"2. Even if Convoy Company owed a duty to Burdick, the negligence of Dana was active, actual and positive and was subsequent to any negligence on the part of Convoy. But for the negligence of Dana in failing to test and ascertain the condition of the brake system on the truck and moving the truck without brakes, the injury to Burdick would not have occurred. The negligence, if any, on the part of Convoy Company was negative, passive and constructive and was antecedent to the negligence of Dana. The appellee had the last clear chance to avoid the accident.

"3. The appellee had a duty to Convoy Company as a bailee for hire to not operate the truck without brakes and to handle the truck equipment with care."

■ Counsel for appellants cites us, aside from an annotation in 140 A.L.R. 1306, to a number of cases, none of which, we think, are controlling herein. He refers us, for instance, to Miller v. New York Oil Co., 34 Wyo. 272, 243 P. 118. That case cannot be considered analogous to the case at bar. There the plaintiff, owner of an apartment house, had requested the defendant gas company to install a gas heating appliance. It was improperly vented by the defendant gas company and plaintiff's tenant was asphyxiated. The owner was found guilty of negligence in failing to place the rented premises in a safe condi-tion or to notify the tenant of the dangerous condition of the premises. The owner of the premises actually had nothing to do with the actual cause of the death of the tenant and, hence, it was held that he was able to obtain indemnity from the gas company. No such situation exists in the case at bar. Counsel for appellants cites us also to the case of Colorado & S. Ry. Co. v. Western Light & Power Co., 73 Colo. 107, 214 P. 30. In that case the light company created a condition of danger but the railway company had the last clear chance of avoiding any accident despite that condition and so the light company, which was compelled to pay damages, was held to be entitled to indemnity from the railway company. Other cases to the same effect are cited in Prosser, Torts, p. 251, n. 88 (2d ed.). In the case at bar Dana had no last clear chance to avoid the accident for the reason that the brakes on the truck were not in working condition, of which fact he had no knowledge. The doctrine of last clear chance is applicable only when actual or imputed knowledge and appreciation of the danger exists. 65 C.J.S. Negligence § 137d(1) (1950).

■ We shall consider the rules applicable herein. In 42 C.J.S. Indemnity § 27a (1944), it is stated that if both parties are joint tort-feasors or are in pari delicto, as where each of the parties contributes to cause an injury, no right of indemnity exists in either party. A like rule applies, in the absence of a statute, to the rule of contribution. 13 Am.Jur. Contribution § 37 (1938). A large number of cases hold that contribution, and hence indemnity, will not be permitted in those cases in which the joint negligence was the proximate cause of the injury for which one of them has been compelled to pay. 18 C.J.S. Contribution § 11b(3), p. 18, note 50 (1939). We think that the injury in this case was caused by the joint negligence of the Convoy Company and Dana, assuming that the latter was negligent at all. The Convoy Company truck was required to have two separate sets of brakes, one of which is commonly called an emergency brake, to oper-

ate on the highway. Section 31–202, W.S. 1957; Rutz v. Anderson, 79 Wyo. 387, 334 P.2d 496. The fact that the Convoy truck was not on the highway at the time that Burdick was injured is not determinative of the Convoy Company's negligence. Obviously the Convoy truck had been operated on the highway before it was brought to the garage and Dana had no reason to believe or know that it was not equipped with the usual brakes or the brakes required by the statutes of this state in order to operate upon its highways. The Convoy Company was negligent in using a truck with a defective emergency brake. Lochmoeller v. Kiel, Mo.App., 137 S.W.2d 625; A.L.I. Restatement, Torts § 307 (1934). And the company was negligent in failing to advise the personnel at the garage to which the truck was taken for repair of the compressor that the emergency brake was out of repair. Varas v. James Stewart & Co., 223 Mo.App. 385, 17 S.W.2d 651; 6 Am. Jur. Bailments § 199 (1950). And if this negligence was one of the proximate causes of the accident herein, it is jointly and severally liable for the injuries to Burdick. We think it was one of the proximate causes of the accident. The negligence of the Convoy Company preceded any negligence of Dana. Dana may be considered to be an intervening agency. Many years ago we stated in Lemos v. Madden, 28 Wyo. 1, 200 P. 791, 796, as follows:

" * * * If an injury might reasonably be anticipated from the original negligent act or omission, notwithstanding the intervention of an independent agency, the act of such independent agency will not constitute a defense, for it will not be regarded as cutting off the line of causation, and the party guilty of the original act or omission will be held responsible. * * *"

See also Hines v. Sweeney, 28 Wyo. 57, 201 P. 165, 201 P. 1018. A like rule was announced in the case of Ferraro v. Taylor, 197 Minn. 5, 265 N.W. 829, which cites many cases. The case is not too dissimilar from the case at bar. In that case an automobile company rented a car to one Taylor. The car was in bad condition. Taylor lost control of the car by reason of that and injured Ferraro. Taylor and the automobile company were both held guilty of negligence, and on appeal by the automobile company the court, considering Taylor as the intervening agency, stated in part at 265 N.W. 831 as follows:

" * * * The rule seems to be well established that if the occurrence of the intervening cause might reasonably have been anticipated, such intervening cause will not interrupt the connection between the original cause and the injury. * * *

" ' " * * * The act of a third person, intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the first wrongdoer, if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury." Lane v. Atlantic Works, 111 Mass. 136, 139, 140.' [Teasdale v. Beacon Oil Co., 266 Mass. 25, 164 N.E. 612.]

" * * * Certainly in the case at bar the intervening cause was set in operation by the original negligence, for the defendant company sent Taylor out upon the street with a car in such condition that it might reasonably be expected to injure some one. * * *"

In 1 Shearman and Redfield, Negligence, p. 102 (1941), the authors state, in connection with the negligence of an original tort-feasor:

" * * * If such a person could have anticipated that the intervening act of negligence might, in a natural and ordinary sequence, follow the original act of negligence, the person first in fault is not released from liability by reason of the intervening negligence of another."

In the case at bar the Convoy Company truck was standing in front of, or slightly within, Dana's garage which contained sev-

eral trucks. A reasonable man should have anticipated that the Convoy truck might have to be removed so that the trucks inside of the garage could be driven out and that when the Convoy truck was without the proper brakes some injury might well result from the use of it. Counsel for appellants argues that the Convoy Company did not consent to its truck being moved by Dana. We think that under the circumstances herein such consent was implied.

Another line of authority leads to the same result. We have heretofore had occasion to refer to the rule stated in Prosser, Torts, p. 218 (2d ed.), which is also approved by A.L.I. Restatement, 1948 Supp. Torts § 431, to the effect that:

"If the defendant's act or omission was a substantial factor in bringing about the result, it will be regarded as a cause in fact. Ordinarily it will be such a substantial factor if the result would not have occurred without it."

The author at p. 222 further states:

"If the defendant's conduct was a substantial factor in causing the plaintiff's injury, it follows that he will not be absolved from responsibility merely because other causes have contributed to the result. * * *"

See Phelps v. Woodward Const. Co., 66 Wyo. 33, 204 P.2d 179; Chandler v. Dugan, 70 Wyo. 439, 251 P.2d 580. In the case at bar the court had the right to find that Dana was not negligent at all except insofar as the negligence of Goddard was imputable to him. At the time of the injury here involved, Dana was driving very slowly, not over 1½ miles per hour. He backed the truck about fifty feet to let one of the trucks in the garage be driven out and then he started forward. Counsel argues that Dana was a bailee of the truck and that he was required to handle it carefully. There is no evidence of the failure of Dana to do so. Dana had the right to expect that the emergency brake was in good condition since he had no knowledge whatever to the contrary, and Churchill had failed to notify Dana or anyone else as to the defective condition of the emergency brake. Dana testified that the truck could have been stopped before striking Burdick if the emergency brake had been in good condition. The defective emergency brake was not only a substantial factor in striking Burdick but was, we think, under the circumstances herein, the main factor. The negligence of the plaintiff Convoy Company was far from being merely passive. As we stated in Phelps v. Woodward Const. Co., supra, at 204 P.2d 187, the defective emergency brake "created a condition or situation constantly fraught with a danger, which might instantly become active and result in damage."

We think the judgment of the trial court should be, and it is, affirmed.

Affirmed.