John Carl **FRALEY**, Plaintiff,

v.

Don **WORTHINGTON**, Defendant.

No. C74–68.

United States District Court,
D. Wyoming.

Oct. 22, 1974.

See also, D.C., 385 F.Supp. 605.

J. F. Mahoney, Casper, Wyo., for plaintiff.

Frank D. Neville, Wehrli & Williams, Casper, Wyo., for defendant.

*Judge's Memorandum*

KERR, District Judge.

Defendant has filed a motion to bring in Lloyd Phillips as a third-party defendant in this action. The motion to implead was filed by defendant nearly three months after service of his answer to the complaint. There is diversity of citizenship and the amount in controversy exceeds $10,000.

In the original action plaintiff John Fraley brought suit against the defendant for injuries incurred while working on a drilling rig. Fraley was employed as a derrick hand and defendant Don Worthington was the tool pusher. Fraley alleges that it was the duty of defendant, as tool pusher, to provide a safe place to work and that defendant was negligent in not providing a shorter chain and a receiver to control the chain which struck plaintiff.

Defendant denies any negligence on his part, answering that plaintiff's injuries were proximately caused by plaintiff's contributory negligence. In the third-party complaint, Worthington alleges that any injuries resulting to plaintiff were due to negligence of the would-be third-party defendant in failing to provide a safe place to work. As a consequence, it is alleged that the third-party defendant is legally obligated to indemnify the third-party plaintiff for any recovery had by the plaintiff. In his second claim, Worthington alleges that the third-party defendant is legally obligated to contribute as a joint tortfeasor.

 Rule 14(a) Fed.R.Civ.P., provides, "[A] defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion . . . " Rule 14 is merely procedural in nature; and, although it is to be liberally construed, Wright & Miller, Federal Practice and Procedure: Civil § 1442, it does not create a new right of action or authorize the use of impleader where it would result in an infringement upon rights recognized or not recognized under the governing substantive law. In a diversity action, such as this one, where the accident occurred within the State of Wyoming, the substantive law of the State of Wyoming will govern.

 Defendant's second claim as a basis for impleader is subject to facile disposition. The rule is well-established, see Merryweather v. Nixan, 8 Term.Rep. 186 (1799), and was repeated in Convoy Company v. Dana, 359 P.2d 885, at 887 (Wyo.Sup.Ct.1961), where the Court declared, "[I]t is stated that if both parties are joint tort-feasors or are in pari delicto, as where each of the parties contributes to cause an injury, no right of indemnity exists in either party. A like rule applies, in the absence of a statute, to the rule of contribution." Contribution is a substantive principle of law and it applies to this action as the accident occurred in June 1972, and was prior to the enactment of the statute allowing contribution among joint tortfeasors. See Wyo.Stat. § 1–7.3 (Cum. Supp.1973). There appears no language in the statute to indicate it should apply retrospectively and, indeed, there exists a violent presumption that it will not. See Lee v. Cook, 1 Wyo. 413 (1877). No right of impleader thus exists under defendant's second claim in his third-party complaint, and it is dismissed as a claim upon which impleader might lie. Yet, Wyo.Stat. § 1–7.4(a)(ii) (Cum.Supp. 1973) states, "Nothing in this act affects . . . Any right of indemnity under existing law."

 In the first claim impleader is sought on the basis that defendant has a right of indemnity from the third-party defendant. The words "may be liable" in Rule 14 mean that defendant is permitted to join someone against whom a cause of action has not yet accrued, provided that his claim is contingent upon the success of plaintiff's action and will accrue when defendant's liability is determined in the main action or plaintiff's claim is satisfied. There must, though, be a substantive right to relief that will accrue to the third-party plaintiff. Thus, the issue is whether defendant has a right of indemnity from the third-party defendant under Wyoming law? If there is no possibility of such a right coming into existence, impleader is improper. See Green v. Shepherd Construction Co., 46 F.R.D. 434 (N.D. Ga.1969).

 "A tool pusher in oil and gas fields . . . occupies the position of general foreman for his employer, while the driller occupies the position of foreman over the other members of the

crew." Feldhut v. Latham, 60 N.M. 87, 287 P.2d 615, 617 (1955). The parties herein and the third-party defendant were employed by the True Drilling Company. As the tool pusher, under the above definition, it would appear that defendant was superior to and responsible for the actions to some extent of the sought-after third-party defendant. As a matter of public policy and economic requirements, a master is liable for damages caused by the negligence of his servant within the scope of the latter's employment. See Blessing v. Pittman, 70 Wyo. 416, 251 P.2d 243 (1953); Marken v. Empire Drilling Co., 75 Wyo. 121, 293 P.2d 406 (1956). The injuries complained of by plaintiff occurred while in the performance of duties in the regular course of his employment.

In Engen v. Rambler Copper and Platinum Company, 20 Wyo. 95, 121 P. 867, 123 P. 413 (1911), the Wyoming Supreme Court recognized that certain duties are personal to the master—herein defendant—so that if the servant charged with the performance of those duties—herein third-party defendant—fails to perform or negligently performs them, the master cannot escape liability; and, the servant stands in the position of a vice-principal. Among other duties, the master—defendant—is obliged to provide a safe place to work. Under such circumstances it would appear that the plaintiff has exercised his privilege to bring suit only against the party of his choice. For this, Phillips might well express relief. This is not to say that defendant would not be allowed to attempt to prove that a safe place of work was provided, or that plaintiff was aware of the risks and assumed the same with full knowledge thereof, or any other defenses available to him. This memorandum only holds that under the facts here present that impleader would be improper and no cogent reasons appear for granting the same. Further, the motion to implead having been brought at this date would necessarily result in delay of the trial now set. Although delay in and of itself will not bar impleader, it is one factor to be considered by the Court in exercising its discretion whether to grant or deny the motion. See Goodhart v. United States Lines Company, 26 F.R.D. 163 (S.D.N. Y.1960).

The motion to bring in third-party defendant is denied and the third-party complaint is stricken. An order will be entered accordingly.