Patricia A. KOPRIVA and Ronald M. Kopriva, wife and husband, et al., Appellants (Plaintiffs below),

v.

UNION PACIFIC RAILROAD COMPANY, a Utah Corporation, Appellee (Defendant below).

No. 5011.

Supreme Court of Wyoming.

March 29, 1979.

David N. Hitchcock, Laramie, for appellants.

David G. Lewis, Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellee.

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired.*

* At the time of oral argument Guthrie, J. was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered January 1, 1979, he has been retained in active judicial service pursuant to § 5, Art. V, Wyoming Constitution and § 5-1-106(f), W.S.1977, and has continued to participate in the decision and opinion of the court in this case.

1. Union Pacific refused to admit responsibility for damaging the bridge but agreed to bear the

McCLINTOCK, Justice.

On September 19, 1974 the Union Pacific Railroad Company damaged a bridge overpassing its railroad track on the eastbound lanes of U.S. Interstate Highway 80. This necessitated rerouting all traffic over the westbound corridor, thereby creating a two-lane highway over a short span of roadway, including another bridge.[1] The Interstate had not been restored to four-lane traffic by May 21, 1975, on which date a car being driven in a westerly direction by Clifford E. Carter left its proper lane of traffic and slammed into the appellants' car. All the individuals involved were injured severely.

Appellants brought suit against Carter, the Union Pacific and several other defendants who are not involved in this appeal.[2] The complaint alleged negligence on the part of Union Pacific and that such negligence had created an inherently dangerous situation. It is claimed that but for the injury caused to the bridge by the railroad's negligent act no accident would have happened to appellants. On this basis alone it is alleged that the railroad's negligence was the proximate cause of their injury.

This appeal is from summary judgment dismissing appellants' action against Union Pacific. The single issue is whether the railroad was legally responsible for the harm to appellants. Since we are unable to find the necessary element of causation we affirm the summary judgment.

Assuming the Union Pacific was negligent in damaging the bridge, the question is whether that negligence is the proximate cause of the injury to the plaintiff. We agree that but for the act of the defendant the accident might not have occurred, but this fact does not determine the

cost of repair. The repairs were being made by a contractor independently contracting with the State of Wyoming and Union Pacific had no control over the work or over the rerouted highway at the time of the automobile collision.

2. In its summary judgment the district court made proper certification under Rule 54(b), W.R.C.P. that there was no just reason for delay of the entering of the judgment in favor of Union Pacific.

question of liability. The law does not charge a person with all the consequences of a wrongful act but ignores remote causes and looks only to the proximate cause. In *Lemos v. Madden,* 28 Wyo. 1, 10, 200 P. 791, 793 (1921) Justice Blume defined the issue as follows:

> "The proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the result would not have occurred."

Later in the case, 28 Wyo. at 12, 200 P. at 794, Justice Blume rejected the notion of "but for" causation and stated:

> "But if the original wrong furnished only the condition or occasion, then it is the remote and not the proximate cause, notwithstanding the fact that there would have been no loss or injury but for such condition or occasion."

See also, *Frazier v. Pokorny,* Wyo., 349 P.2d 324 (1960); *Gilliland v. Rhoads,* Wyo., 539 P.2d 1221 (1975); and 57 Am.Jur.2d Negligence, § 378. See 65 C.J.S. Negligence § 103:

> "§ 103. Definition and Nature in General
> " 'Proximate cause' is most often defined as any cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the result complained of and without which the result would not have occurred; but it has been recognized that the various definitions and tests of proximate cause are inadequate to afford a definite and invariable rule whereby a line can be drawn between those causes which the law regards as sufficiently proximate and those which are too remote to be the foundation of an action."

█ In the instant case the negligence of the Union Pacific provided "only the condition or occasion" for the accident and hence was only the remote cause and not the proximate cause, and no liability can be imposed.

█ In addition, it is clear to us that the negligence of the defendant Carter could also be viewed as an independent intervening cause of the accident which was adequate to produce the injury and sufficient to interrupt the "natural sequence of events" and break the chain of causation. *Lemos v. Madden,* supra. An intervening cause is one that comes into being after the negligent act of the defendant. *Fagan v. Summers,* Wyo., 498 P.2d 1227 (1972); *Gilliland v. Rhoads,* supra; *Tyler v. Jensen,* 75 Wyo. 249, 295 P.2d 742 (1956). *Fagan,* supra, 498 P.2d at 1230, cites 65 C.J.S. Negligence § 111(4), pp. 1213–1215, where it is said:

> "A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, and efficient cause of the injury, even though the injury would not have occurred but for such condition or occasion. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause; and, if an independent negligent act or defective condition sets into operation the circumstances which result in injury because of the prior defective condition, such subsequent act or condition is the proximate cause." (Footnotes omitted.)

█ Since the parties concede there are no issues of fact in dispute, and we have determined that the Union Pacific was entitled to judgment as a matter of law, we find the summary judgment granted in its favor to have been proper, *Johnson v. Soulis,* Wyo., 542 P.2d 867 (1975). Although proximate cause is generally a question for the jury, where no issues of fact are present and only one conclusion can be drawn therefrom, the issue becomes one of law. *Dallason v. Buckmeier,* 74 Wyo. 125, 284 P.2d 386 (1955); *O'Mally v. Eagan,* 43 Wyo. 233, 2 P.2d 1063, 77 A.L.R. 582, reh. den. 43 Wyo. 350, 5 P.2d 276 (1931); *Caillier v. City of Newcastle,* Wyo., 423 P.2d 653 (1967); *Endresen v. Allen,* Wyo., 574 P.2d 1219 (1978).

The judgment is affirmed.