Joseph **BUCKLEY**, Appellant (Plaintiff),

v.

Bryce H. **BELL**, W. Earl Bell and Bell Brothers, a partnership consisting of Bryce H. Bell and W. Earl Bell, d/b/a Johnie's, Appellees (Defendants).

No. 83–146.

Supreme Court of Wyoming.

July 30, 1985.

Rehearing Denied Sept. 16, 1985.

Dennis L. Sanderson, Afton, for appellant.

Gary M. Greenhalgh of Greenhalgh, Bussart, West & Rossetti, P.C., Rock Springs, for appellees.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

THOMAS, Chief Justice.

The precise question posed in this case is whether the foreseeability of negligent conduct by a plaintiff occurring subsequent to the negligent acts of a defendant is a question of law or a question of fact. The district court, in a trial to the court, held that the acts of the defendant were not a proximate cause of the damages to the plaintiff finding that the actions of the plaintiff amounted to a new and independent force which caused those damages. In addition the district court found that the particular harm sustained by the plaintiff could not reasonably have been foreseen as a probable consequence of the acts of the defendant. In the context of the debate between the parties the question will be addressed from the perspective of our precedents relating to proximate cause, as well as the perspective of the Restatement (Second) of Torts. We shall affirm the judgment of the district court because we conclude that in this instance foreseeability was a question of fact subject to resolution by the trier of fact, and since there is evidence from which that finding can be inferred we will not change it on appeal.

The issues propounded by the parties are best understood in light of the operative facts. There is no dispute between the parties wiht respect to these facts. Buckley ordered some regular gasoline from the Bells. When the Bells' driver arrived in Bells' fuel truck he handed Buckley a hose which was connected to a diesel fuel compartment, and Buckley filled a portable tank in his truck with diesel fuel. Buckley then drove to the field and filled his gasoline-engine hay baler with the diesel fuel. The hay baler would not run on the diesel fuel, and when he attempted to operate the machine Buckley discovered that he had diesel fuel in the baler's tank instead of gasoline. In the meantime Bells' driver had filled a bulk-gasoline storage tank at Buckley's ranch with the diesel fuel.

Buckley drove to Bells' place of business to inform the Bells that they had delivered the wrong fuel. When he arrived Buckley was advised that Bells' employees knew they had delivered the wrong fuel, and they said they would replace the diesel fuel with regular gasoline. At that time the portable tank on Buckley's truck was drained of the diesel and gasoline mixture and filled with regular gasoline. (In the next two days the same procedure occurred with respect to the bulk-storage tank for regular gasoline.) After the portable tank had been filled Buckley went back to his hay baler in the field. He drained the diesel fuel from the tank onto the ground and filled the tank with the regular gasoline. In order to purge the fuel line of the

diesel fuel Buckley disconnected it at the carburetor and turned the engine by jumping the solenoid to pump the diesel fuel out of the line. Buckley had his hand over the carburetor to choke the engine and at about the time the gasoline began to flow from the fuel line he removed his hand from the carburetor. The engine backfired and the gasoline was ignited. The fire then spread to the ground and fueled by dry grass and the diesel fuel it ultimately destroyed the hay baler.

This action was brought by Buckley to recover the cost of his hay baler and additional costs incurred in harvesting his hay because his hay baler was destroyed. Buckley premised his action upon theories of strict products liability; breach of implied and express warranties; and negligence. The argument in the trial court and before this court focused upon the causation element of Buckley's claims. The district court entered the following findings of fact:

"9. That Defendants' delivery of the wrong fuel was not a proximate cause of the fire; and that Plaintiff's actions were a new and independent force which proximately caused the fire and resulting damages to Plaintiff's hay baler.

"10. That the fire and resulting damages could not reasonably have been foreseen as a probable consequence of any prior act of Defendants."

The district court then concluded that the Bells were entitled to judgment on Buckley's theory of strict liability because there was a failure of proof of a defective product; that Bells were entitled to judgment against Buckley on his claim for breach of warranty because of the absence of proximate cause, and finally that the Bells were entitled to judgment against Buckley on his theory of negligence because "the evidence proved that plaintiff's actions were the efficient intervening cause of the fire and plaintiff's damages."

The issues identified in the appellant's brief are:

"A. DID THE TRIAL COURT ERR IN FINDING NO CAUSAL CONNECTION BETWEEN THE DEFENDANT'S ACTION AND THE PLAINTIFF'S DAMAGE?

"B. SHOULD THIS COURT ADOPT THE RULES OF LEGAL CAUSATION SET FORTH IN THE RESTATEMENT (SECOND) TORTS?

"C. DID THE TRIAL COURT ERRONEOUSLY CONCLUDE THAT THE DEFENDANT DID NOT DELIVER A 'DEFECTIVE' PRODUCT UNDER RESTATEMENT (SECOND) TORTS, § 402A WHEN HE DELIVERED DIESEL FUEL TO THE PLAINTIFF INSTEAD OF GASOLINE?"

The claims of appellant relating to error in finding no causal connection between the defendants' conduct and the plaintiff's damages and the desirability of adopting the rules of causation set forth in Restatement (Second) of Torts will be discussed together. In *Lemos v. Madden*, 28 Wyo. 1, 200 P. 791, 793 (1921), this court first defined proximate cause as "[t]hat which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred." This same definition has been relied upon in recent years. *Robertson v. TWP, Inc.*, Wyo., 656 P.2d 547 (1983); *Kopriva v. Union Pacific R. Co.*, Wyo., 592 P.2d 711 (1979). In *Lemos v. Madden*, supra, 200 P. at 794, the court also rejected a "but for" rule of causation, stating:

"* * * But if the original wrong furnished only the condition or occasion, then it is the remote and not the proximate cause, notwithstanding the fact that there would have been no loss or injury but for such condition or occasion. * * * *"

In later cases our court has identified legal causation as that conduct which is a substantial factor in bringing about the injuries identified in the complaint. *McClellan v. Tottenhoff*, Wyo., 666 P.2d 408 (1983); *Chrysler Corporation v. Todorovich*, Wyo., 580 P.2d 1123 (1978); *Phelps v. Woodward Construction Co.*, Wyo., 66 Wyo. 33, 33, 204 P.2d 179 (1949). The

obvious rationalization of that approach with the two propositions found in *Lemos v. Madden*, supra, is that if the conduct is "that cause which in natural and continuous sequence, unbroken by a sufficient intervening cause produces the injury, without which the result would not have occurred," it must be identified as a substantial factor in bringing about the harm. If, however, it created only a condition or occasion for the harm to occur then it would be regarded as a remote, not a proximate, cause, and would not be a substantial factor in bringing about the harm.

■ An alternative method for explaining these concepts is found in the discussions of intervening cause in our cases. *McClellan v. Tottenhoff*, supra; *Kopriva v. Union Pacific R. Co.*, supra; *Gilliland v. Rhoads*, Wyo., 539 P.2d 1221 (1975); *Fagan v. Summers*, Wyo., 498 P.2d 1227 (1972); and *Tyler v. Jensen*, 75 Wyo. 249, 295 P.2d 742 (1956). An intervening cause is one that comes into being after a defendant's negligent act has occurred, and if it is not a foreseeable event it will insulate the defendant from liability. It is reasonably foreseeable if it is a probable consequence of the defendant's wrongful act or is a normal response to the stimulus of the situation created thereby.

■ The usual rule in Wyoming is that proximate cause of harm is a question for the trier of fact unless reasonable persons could not disagree. *Caterpillar Tractor Company v. Donahue*, Wyo., 674 P.2d 1276 (1983); *McClellan v. Tottenhoff*, supra; *Kopriva v. Union Pacific R. Co.*, supra; *Sinclair Refining Company v. Redding*, Wyo., 439 P.2d 20 (1968); *Caillier v. City of Newcastle*, Wyo., 423 P.2d 653 (1967); *Ford Motor Co. v. Arguello*, Wyo., 382 P.2d 886 (1963); *Dallason v. Buckmeier*, 74 Wyo. 125, 284 P.2d 386 (1955); *O'Malley v. Eagan*, 43 Wyo. 233, 2 P.2d 1063, 77 A.L.R. 582, reh. denied 43 Wyo. 350, 5 P.2d 276 (1931); *Hines v. Sweeney*, 28 Wyo. 57, 201 P. 165, reh. denied 28 Wyo. 82, 201 P. 1018 (1921). In this instance the finder of fact decided that the delivery of the diesel fuel was not a proximate cause

of the fire and that the actions of Buckley were a new and independent force which proximately caused the fire and the resulting damages to the hay baler. The evidence in the record supports this inferential finding by the trial court, and it is not a situation which is so clear that reasonable minds could not disagree.

Buckley, however, urges the rules of legal causation set forth in the Restatement (Second) of Torts, contending that a different result would follow. In our judgment the result is the same. Restatement (Second) of Torts, § 430, recognizes the requirement of a causal relationship. Section 431, Restatement (Second) of Torts then states:

"§ 431. What Constitutes Legal Cause

"The actor's negligent conduct is a legal cause of harm to another if

"(a) his conduct is a substantial factor in bringing about the harm, and

"(b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm."

Apparently the district court assumed the delivery of the wrong fuel was a substantial factor in bringing about Buckley's harm because, in disposing of the case, it focused upon Buckley's conduct.

Continuing with the black-letter text in Restatement (Second) of Torts, we find in § 433 the following:

"§ 433. Considerations Important in Determining Whether Negligent Conduct is Substantial Factor in Producing Harm

"The following considerations are in themselves or in combination with one another important in determining whether the actor's conduct is a substantial factor in bringing about harm to another:

"(a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;

"(b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a

situation harmless unless acted upon by other forces for which the actor is not responsible;

"(c) lapse of time."

Then § 435, Restatement (Second) of Torts, provides as follows:

"§ 435. Foreseeability of Harm or Manner of Its Occurrence

"(1) If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable.

"(2) The actor's conduct may be held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm."

Against this background Restatement (Second) of Torts, then proceeds to discuss concepts of superseding cause. It begins in this way:

"§ 440. Superseding Cause Defined

"A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about."

"§ 441. Intervening Force Defined

"(1) An intervening force is one which actively operates in producing harm to another after the actor's negligent act or omission has been committed.

"(2) Whether the active operation of an intervening force prevents the actor's antecedent negligence from being a legal cause in bringing about harm to another is determined by the rules stated in §§ 442–453."

Section 442 then lists those considerations important in determining whether an intervening force is a superseding cause. The text language is:

"§ 442. Considerations Important in Determining Whether an Intervening Force is a Superseding Cause

"The following considerations are of importance in determining whether an intervening force is a superseding cause of harm to another:

"(a) The fact that its intervention brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;

(b) the fact that its operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation;

"(c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation;

"(d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act;

"(e) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and as such subjects the third person to liability to him;

"(f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion."

Of the matters discussed in the succeeding sections the pertinent one in this instance is found in § 447, Restatement (Second) of Torts. It there is provided:

"§ 447. Negligence of Intervening Acts

"The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

"(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

"(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or

"(c) the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent."

■ With these rules in mind the key to the disposition of this appeal is found in § 453, Restatement (Second) of Torts, and the comments thereunder. Section 453, Restatement (Second) of Torts provides as follows:

"§ 453. Function of Court

"It is the exclusive function of the court to declare the existence or non-existence of rules which restrict the actor's responsibility short of making him liable for harm which his negligent conduct is a substantial factor in bringing about, and to determine the circumstances to which such rules are applicable."

Then there follows Comment b:

"b. If the facts are undisputed, it is usually the duty of the court to apply to them any rule which determines the existence or extent of the negligent actor's liability. If, however, the negligent character of the third person's intervening act or the reasonable foreseeability of its being done (see §§ 447 and 448) is a factor in determining whether the intervening act relieves the actor from liability for his antecedent negligence, and under the undisputed facts there is room for reasonable difference of opinion as to whether such act was negligent or foreseeable, the question should be left to the jury."

*Derdiarian v. Felix Contracting Corp.*, 51 N.Y.2d 308, 434 N.Y.S.2d 166, 414 N.E.2d 666 (1980), reargument denied 52 N.Y.2d 829, 437 N.Y.S.2d 1030, 418 N.E.2d 694 (1980); *Ventricelli v. Kinney System Rent A Car, Inc.*, 45 N.Y.2d 950, 411 N.Y.S.2d 555, 383 N.E.2d 1149 (1978); *Young v. Tide Craft, Inc.*, 270 S.C. 453, 242 S.E.2d 671 (1978). A jury question is a question of fact for the trial court in a trial to the court. In this instance the district court, based upon facts which are not disputed, found:

"10. That the fire and resulting damages could not reasonably have been foreseen as a probable consequence of any prior act of Defendants."

It then held that the actions of Buckley were the efficient intervening cause of the fire and his harm. Under the correct application of the rules in the Restatement (Second) of Torts the trial court was entitled to decide the issue of foreseeability, and it resolved it as a question of fact.

As has been indicated, the application of these concepts leads to the same result as the result reached by the application of the historic tort precedents in Wyoming. We have previously accepted the rationale of the causation rules found in Restatement (Second) of Torts, and have applied them. In *Chrysler Corporation v. Todorovich*, Wyo., 580 P.2d 1123 (1978), this court relied upon some of the rules of causation set forth in Restatement (Second) of Torts. We there indicated that the definition found in Restatement (Second) of Torts, § 431, p. 428 (1965), expressed the essence of this court's conclusion in *Convoy Company v. Dana*, Wyo., 359 P.2d 885 (1961). As we understand the findings of fact and conclusions of law entered by the trial court in this case, it was using a dual approach in accommodating to the precedents articulated by this court, as well as the rules of causation set forth in the Restatement (Second) of Torts in deciding the case. The court's findings of fact follow from the undisputed evidence and are thus unassailable in this appeal. Given those findings of fact, we agree with the trial court's conclusions of law.

■ Finally, we address the appellant's contention that the trial court erroneously concluded that the diesel fuel could not be a defective product under § 402(A), Restatement (Second) of Torts. This court has not adopted the rule set forth in § 402(A), Restatement (Second) of Torts. For several reasons we are also foreclosed in this case from considering the adoption of that principle. First, our conclusion that the district court accurately resolved the causation factor prevents any application

of the concept of strict liability. Second, even in view of the appellant's argument that if an adulterated product is to be considered defective and lead to liability when unreasonably dangerous then a wrong product is one which should be considered as totally adulterated for purposes of determining whether it is defective, the authorities we have discovered seem to say that a wrong product is not a defective product for purposes of strict liability. *Baptista v. St. Barnabas Medical Center*, 109 N.J.Super. 217, 262 A.2d 902 (1970), affirmed 57 N.J. 167, 270 A.2d 409 (1970). See also *Berkeley Pump Co. v. Reed-Joseph Land Co.*, 279 Ark. 384, 653 S.W.2d 128 (1983); *Montez v. Ford Motor Company*, 101 Cal.App.3d 315, 161 Cal.Rptr. 578 (1980); and *Dambacher by Dambacher v. Mallis*, —— Pa.Super. ——, 485 A.2d 408 (1984). Finally, it does not seem that a strict products liability theory is recognized as an appropriate vehicle for recovery of an economic loss, which is the only injury in this instance in light of the resolution of the causation factor. *Hart Engineering Company v. FMC Corporation*, 593 F.Supp. 1471 (D.R.I.1984). Singularly or collectively these concepts foreclose any reliance upon the doctrine of strict liability as articulated in Restatement (Second) of Torts, § 402(A), in this case.

Under the facts and circumstances of this case the district court committed no error with respect to its findings that there was no causal connection between the actions of the defendants and the damages claimed by the plaintiff resulting from the fire which destroyed his hay baler. This result flows from the precedents pursuant to which rules of causation have been stated in this state, and as well from an application of the concepts found in the Restatement (Second) of Torts. Furthermore, this failure of the causal connection and the general inapplicability of the doctrine of strict liability to such circumstances foreclose any adjustment of the decision of the trial court under that theory of liability. The judgment of the district court is affirmed.

ROSE, Justice, dissenting.

I agree fully with the dissenting remarks of Justice Cardine that this case, involving the intervening conduct of the plaintiff, should be resolved in accordance with our comparative negligence rules. I note, however, that even the concepts of superseding cause set out in Restatement (Second) of Torts do not relieve appellee from liability in this case. Section 446 provides:

"If the actor intentionally or negligently impedes the exercise of another's rights or privileges, the other's normal efforts to remove the impediment or to exercise the right or privilege notwithstanding its existence are not a superseding cause of harm resulting from such efforts."

Applying this rule to the undisputed facts—a function of the court under § 453 and Comment b, Restatement (Second) of Torts, quoted in the majority opinion, 703 P.2d at 1094 it is apparent that appellant's normal efforts to rid his hay baler of the negligently supplied diesel fuel cannot relieve the appellee of liability. Nor would appellant's negligence in removing the fuel free appellee from liability. Section 447, Restatement (Second) of Torts, quoted in the majority opinion, 703 P.2d at 1093. Rather, our comparative-negligence rules would apply to apportion liability among the parties. Board of County Commissioners of the *County of Campbell v. Ridenour*, Wyo., 623 P.2d 1174, reh. denied 627 P.2d 163 (1981).

I would have reversed the judgment of the district court and remanded the case for a determination of the parties' relative negligence.

CARDINE, Justice, dissenting, with whom ROSE, Justice, joins.

I dissent.

With the adoption of comparative negligence, old, musty doctrines, replicas of the dinasaur age when contributory negligence—no matter how slight—was a complete defense, have been held no longer valid or appropriate. We held that after adoption of comparative negligence, *assumption of risk* was no longer an absolute defense in a negligence action. *Brit-*

*tain v. Booth,* Wyo., 601 P.2d 532, 534 (1979); *Ruhs v. Pacific Power & Light,* 671 F.2d 1268, 1272 (10th Cir.1982). We eliminated *gross negligence* as a separate consideration in most circumstances, stating:

> "The category of 'gross negligence' will no longer be pertinent except in a few isolated circumstances. The obsolescence of the term 'gross negligence' will be no great loss toward the attainment of equity. The term has been characterized as 'an unhappy term of ill-defined content.' Prosser, Torts 4th Ed., p. 10 (1971)." (Footnote omitted.) *Danculovich v. Brown,* Wyo., 593 P.2d 187, 192–193 (1979).

We also eliminated as a doctrine entitled to separate consideration, *last clear chance,* when we said:

> "Wyoming has recognized the doctrine of 'last clear chance' as a defense to contributory negligence. * * *
>
> "* * * However, there is no practical basis to the rationale used to retain the doctrine of last clear chance in face of a comparative negligence statute. Such rationale is that the doctrine is premised on the fact that defendant's failure to avail himself of the last clear chance to avoid the accident made such failure the *sole proximate cause* of the injury and plaintiff's negligence was therefore only a remote cause. * * *
>
> "The apportionment of damages under the comparative negligence statute makes unnecessary the doctrine of last clear chance." *Danculovich v. Brown,* supra at 194–195.

Thus, we have said that the doctrines of gross negligence, assumption of risk, and last clear chance are no longer recognized and are unnecessary because of the adoption of comparative negligence. If gross negligence, assumption of risk, and last clear chance are outmoded, why not intervening cause? In this case it is a defense involving plaintiff's own negligence. In *Sherman v. Platte County,* Wyo., 642 P.2d 787, 790 (1982), we said:

> "Comparative negligence * * * abrogated absolute defenses involving the plaintiff's own negligence in bringing about his or her injuries."

These special defenses which still haunt us merely serve to confuse and make what ought to be simple, extremely difficult, even incomprehensible. I confess that I am unable to accept a proposition cast in stone that one who creates a condition, no matter how dangerous or likely to cause injury when acted upon by a third person, is not liable because it was a condition. In this case a rancher ordered gasoline for use in his hay baler; the dealer negligently delivered diesel fuel to the baler and the gasoline storage tank at the ranch. The mistake in delivering diesel fuel was discovered almost immediately. Appellant called the dealer who admitted the misdelivery. He did not offer, however, to correct the condition he had negligently created. Because the baler would not run on diesel fuel, appellant had to drain the diesel fuel from the baler and disconnect and purge the fuel lines. The fire occurred during appellant's effort to correct the problem created by appellee. I cannot agree that as a matter of law or fact appellee was not in any way at fault for this occurrence. I much prefer the simplicity of comparative negligence under which the fact finder simply determines the percentage of negligence of the respective parties rather than the confusion of old incomprehensible doctrines left over from a different era.

For the reasons stated, I would reverse and remand.

### ORDER DENYING PETITION FOR REHEARING

This case came on before the Court upon the Petition for Rehearing filed on behalf of the Appellant, and the Court, having carefully considered the case and the Petition for Rehearing, finds that the Petition for Rehearing should be denied, and it therefore is

ORDERED that the Petition for Rehearing, filed in this case on behalf of the appellant be, and the same hereby is, denied.

CARDINE, J., would grant the Petition for Rehearing in this case.

ROSE, J., comments that he continues to feel strongly that the majority opinion is in error but finds no grounds to grant the petition for rehearing.