962 F.2d 17
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Francis R. MCMAHON, Plaintiff-Appellee,
v.
THE CELOTEX CORPORATION, Defendant-Appellant,
and
Armstrong World Industries, Inc.; Combustion Engineering,
Inc.; Fibreboard Corporation; GAF Corporation; The Keene
Corporation; National Gypsum Company; Owens-Corning
Fiberglas Corporation; Owens-Illinois, Inc.; Pittsburgh
Corning Corporation; Raymark Industries Inc.; and United
States Gypsum Company, Defendants.
 No. 89-8040.
 United States Court of Appeals, Tenth Circuit.
 May 8, 1992.
 
 Before JOHN P. MOORE and EBEL, Circuit Judges, and COOK, Senior District Judge.*
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 The Celotex Corporation appeals from a judgment for damages arising from plaintiff's exposure to some of its asbestos products. The question presented for review is whether the trial court erred by instructing the jury on the Wyoming "substantial factor" standard of causation without explaining to the jury that asbestos exposure had to be frequent, regular, and proximate to constitute a substantial factor. The more specific "frequency, regularity, and proximity" burden of proof has not yet been adopted in Wyoming. We conclude the standard of proof of causation employed by the district court is correct, and the specific instruction requested by Celotex is not required under Wyoming law. We therefore affirm the judgment.
 
 
 2
 Plaintiff, Francis R. (Mickey) McMahon, began working with asbestos in 1923 and was exposed continually to the product for about forty-three years thereafter. The principal disputed facts concern what products Mr. McMahon was exposed to and which products were linked to his asbestosis and lung cancer.
 
 
 3
 Celotex believes Mr. McMahon did not prove that he was exposed to the products manufactured by its predecessor, the Philip Carey Manufacturing Company. Celotex further argues the inconsistencies in the plaintiff's evidence tend to show Mr. McMahon's asbestosis and cancer were caused by the products of other companies. Plaintiff counters that expert medical testimony indicated asbestosis was a substantial factor in the lung cancer, and there was no way to apportion Mr. McMahon's asbestos-related injuries among his various exposures. Plaintiff therefore contends he had to prove only that he had been exposed to some product of the defendant that was a substantial factor in his asbestosis.
 
 The district court instructed:
 
 4
 In this action, the plaintiff has the burden of proving, by a preponderance of the evidence, the following:
 
 
 5
 (1) That plaintiff had or does have an asbestos related illness, disease or condition;
 
 
 6
 (2) The plaintiff was exposed to asbestos containing products manufactured by the Philip Carey Manufacturing Company; and
 
 
 7
 (3) That the exposure to asbestos containing products manufactured by the Philip Carey Manufacturing Company, the predecessor of the Celotex Corporation, was a substantial factor in causing the illness, disease or condition.[1]
 
 
 8
 Celotex argues that using a more specific causation test would have underscored the factual inaccuracies and gaps in plaintiff's causation theory. Accordingly, Celotex requested this instruction instead of that finally given by the court:
 
 
 9
 The plaintiff has the burden of proving that he was exposed to the asbestos-containing products of Celotex, or its predecessor Philip-Carey, and that their [sic] exposure was a substantial contributing fact in the development of plaintiff's asbestos-related disease, illness, or condition.
 
 
 10
 In order to prove exposure to defendant's products, it is not sufficient that plaintiff simply show that the products were used at his workplace. Plaintiff must prove that he was exposed to the particular product of the defendant by working with it or in proximity to workers using defendant's asbestos-containing product on a regular basis over some extended period of time.
 
 
 11
 As we view the issue, the parties are not arguing whether the trial court gave an erroneous instruction on causation, but whether it gave a complete instruction. Moreover, they are not in dispute over whether "frequency, regularity, and proximity" are factors in proving whether a given exposure was a "substantial factor" in a plaintiff's injury. The dispute is primarily whether an instruction on causation in a Wyoming asbestos case is complete without stating a standard for a durational and qualitative minimum exposure.
 
 
 12
 Defendant contends because of the peculiar properties of asbestos, causation is dependent upon more than an isolated exposure. Thus, Celotex maintains the jury could not have determined whether exposure was a "substantial factor" in this case without being told that exposure had to be regular, frequent, and proximate.
 
 
 13
 The precise question we must resolve, then, is whether Wyoming law requires the expanded explanation of exposure for a full and sufficient instruction on causation in an asbestos case. We believe that it does not.
 
 
 14
 Celotex contends this expanded instruction has been employed by other federal courts, notably in Blackston v. Shook & Fletcher Insulation Co., 764 F.2d 1480 (11th Cir.1985), and in Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156, 1162 (4th Cir.1986). We do not read those cases as expansively as the defendant.[2]
 
 
 15
 Blackston dealt with whether a district court correctly granted a defendant's motion for summary judgment when a plaintiff was unable to show he had been exposed to defendant's product by working with or in close proximity to it. Blackston, 764 F.2d at 1481. The court did not rule "that an instruction given similar to that of the district court in this case is insufficient in asbestos litigation," as stated in defendant's reply brief. Obviously, because the case was decided on summary judgment, no instructions were even given.
 
 
 16
 Although there was a trial in Lohrmann, the case did not, as stated by defendant, turn on the adequacy of instructions. Because the trial court had directed a verdict for three defendant manufacturers of asbestos products, the issue was whether the trial court improperly took the question of causation from the jury. In holding the motion was properly granted, the Fourth Circuit stated:
 
 
 17
 In dealing with a workplace as large as a shipyard, certain of the district judges in Maryland have adopted a standard for evaluating the sufficiency of the evidence of exposure. This rule ... provides: "Whether a plaintiff could successfully get to the jury or defeat a motion for summary judgment under such a theory would depend upon the frequency of the use of the product and the regularity or extent of the plaintiff's employment in proximity thereto."
 
 
 18
 Id. at 1162 (emphasis added). When this statement is placed in context, it supports plaintiff's contention that Lohrmann is merely a "threshold case" which defines the quantum of proof necessary to overcome a motion for directed verdict. The case simply does not deal with the adequacy of an instruction on causation.
 
 
 19
 Defendant also relies on Menne v. Celotex Corp., 861 F.2d 1453 (10th Cir.1988), but that case does not support Celotex either. Carefully read, Menne suggests it is grounded upon Nebraska law not applicable in Wyoming; therefore, it does not provide a binding precedent for our construction of Wyoming law. Under Nebraska law, the plaintiff had the burden of proving the products of each of numerous defendants were substantial factors in his injury and but-for his exposure to each of those products he would not have been damaged. In that context, we stated:
 
 
 20
 The trial court apparently also concluded that even if Nebraska eliminated but-for causation in a case such as this, a jury could not reasonably find that each appellant was a substantial contributing cause of Menne's mesothelioma. Otherwise it would have felt no need to invoke a burden shift. We reach the same conclusion. The testimony was insufficient to establish the likelihood of frequent or sustained exposure to asbestos dust from the products of each appellant, and a jury finding of some Shipyard exposure from each's products is not enough. From the circumstantial evidence, there is no way of ascertaining the regularity or frequency of Menne's exposure to visible asbestos dust from a given defendant's products. Such exposure might have been frequent or sustained, or it might have been sporadic and short. On this matter the jury could only speculate. In short, even under a pure substantial factor test, Menne could not have proved causation.
 
 
 21
 Menne, 861 F.2d at 1464. We reached this conclusion after discovering none of the plaintiff's evidence was sufficient to prove "that the products of a given defendant were a but-for and substantial cause of Menne's mesothelioma." Menne, 861 F.2d at 1463 (emphasis in original).
 
 
 22
 Like the other cases cited by Celotex, Menne did not hold that a substantial factor instruction must always incorporate the regular, frequent, and proximate test as a matter of law. Instead, under the facts in evidence, which included the plaintiff's inability to identify any asbestos product to which he had been exposed, Menne, 861 F.2d at 1458, and plaintiff's reliance upon inference testimony to prove exposure, id. at 1462, we simply held he failed to prove his "exposure was sufficiently sustained (or frequent) and intense to constitute a proximate cause of his mesothelioma." Id.
 
 
 23
 Moreover, in the absence of direct evidence of Menne's exposure to the defendants' products, the medical testimony relating to causation was not probative of causation because no medical expert could testify defendants' products were a significant factor in the plaintiff's illness. That problem does not arise in this case because of Mr. McMahon's testimony describing the products to which he was exposed.[3] Thus, the only sufficiency issue in this case relates not to the evidence but to the instructions.[4]
 
 
 24
 Instructions must simply tell the jury what the law is. On review, the test is whether the instructions misled the jury in any way and whether they conveyed to the jury a complete understanding of the issues and its duty to decide those issues. Menne, 861 F.2d at 1471.
 
 
 25
 The instruction given in this case did not mislead the jury, nor did it fail to provide the jury with a full understanding of its duty. While the instruction tendered by Celotex would not have been improper, we do not believe it was needed. The jury was required to find that the plaintiff's exposure to the defendant's products was a substantial factor in his injury. With evidence in the record to support that finding, the jury performed its duty.
 
 
 26
 AFFIRMED.
 
 
 
 *
 The Honorable H. Dale Cook, United States Senior District Judge for the Northern District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Wyoming has abandoned the "but-for" test and now employs the "substantial factor" test. Buckley v. Bell, 703 P.2d 1089, 1091 (Wyo.1985)
 
 
 [2]
 Defendant also relies upon an unpublished, unreasoned summary order of affirmance from the Third Circuit. This order is too ambiguous for comment
 
 
 [3]
 We recognize defendant's contention that Mr. McMahon's testimony lacked credibility, but that issue was resolved by the jury
 
 
 [4]
 Menne deals with another issue not present in this case which also related to the sufficiency of the evidence. Nebraska requires proof of both "substantial factor" and "but-for" causation tests. Menne, 861 F.2d at 1459. Reviewing the evidence, we held that even if it had been sufficient to meet the substantial factor test, it was insufficient to establish the but-for test. Id. at 1463