IDA M. HALL, Appellant, *v.* JOHN T. O'BRIEN, Respondent.

Gifts — gift of bond and mortgage by mortgagee to mortgagor
— when consummated by delivery of the securities to the
mortgagor.

1. In apprehension of death, or among the living, the gift of a
mortgage or an unindorsed note, may be effected by a simple deliv-
ery of the security.

2. On examination of the evidence on the question whether plain-
tiff had made a gift of a bond and mortgage to defendant, the Appel-
late Division having reversed a judgment for plaintiff on the facts
and made new findings, *held*, that there was evidence to support
that finding, and, therefore, this court cannot disturb the judg-
ment appealed from.

*Hall* v. *O'Brien*, 160 App. Div. 851, affirmed.

(Argued March 24, 1916; decided April 25, 1916.)

APPEAL from a judgment, entered March 11, 1914, upon
an order of the Appellate Division of the Supreme Court
in the third judicial department, reversing a judgment in
favor of plaintiff entered upon a decision of the court on
trial at Special Term and directing a dismissal of the
complaint.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*Thomas F. Conway, Ernest C. Gordon* and *John B.
Riley* for appellant. The burden was on defendant to
prove the gift by clear and convincing evidence. This
burden he failed to meet. The relationship of the parties
being in their nature confidential, the transaction will
be scrutinized with the extremest vigilance and regarded
with the utmost jealousy. (*Cowes* v. *Cornwall*, 75
N. Y. 91; *Nesbit* v. *Lockman*, 34 N. Y. 167; *Barnard* v.
*Gantz*, 140 N. Y. 249; *Bowron* v. *Deselding*, 105 N. Y.
500; *Adds* v. *Hallett*, 3 App. Div. 308.) There is no evi-
dence to support the findings of the Appellate Division
that there was a gift made of the bond and mortgage
and the debt represented thereby, by the plaintiff to the

defendant. (*Gannon* v. *McGuire*, 160 N. Y. 476; *Gray* v. *Barton*, 55 N. Y. 68; *Matter of Van Alstyne*, 207 N. Y. 298; *Gray* v. *Gray*, 47 N. Y. 552; *Rogers* v. *Rogers*, 153 N. Y. 343; *Clift* v. *Moses*, 112 N. Y. 426; *Farian* v. *Viegel*, 76 Hun, 462; *Bray* v. *O'Rourke*, 89 App. Div. 400; *Matter of Manhardt*, 17 App. Div. 1; *Matter of Wright*, 121 App. Div. 581; *Matter of Schroeder*, 113 App. Div. 204; *Coutant* v. *Mason*, 160 App. Div. 575.)

*Patrick J. Tierney* for respondent. There is ample evidence to support the findings of the Appellate Division. (*Picksley* v. *Starr*, 149 N. Y. 437; *Doty* v. *Wilson*, 47 N. Y. 583; *Gray* v. *Barton*, 55 N. Y. 68; *Carpenter* v. *Soule*, 88 N. Y. 251; *Ferry* v. *Stephens*, 66 N. Y. 321; *Levy* v. *Merrill*, 52 How. Pr. 360; *Gannon* v. *McGuire*, 160 N. Y. 476; *Champney* v. *Blanchard*, 39 N. Y. 115.) The possession of the bond and mortgage by the respondent was evidence of the discharge of the mortgage debt and the burden was upon the appellant to explain it. (*Bergen* v. *Urban*, 83 N. Y. 49; *Syracuse Savings Bank* v. *Merrick*, 182 N. Y. 387; *McMurray* v. *McMurray*, 17 N. Y. Supp. 657; *Redman* v. *Hughes*, 151 App. Div. 99; *Simon* v. *Krinko*, 139 App. Div. 187; *Conklin* v. *Weatherwax*, 181 N. Y. 258.)

CUDDEBACK, J. This is an action to foreclose a mortgage and the defense is that the plaintiff had made a gift of the mortgage and the bond which accompanies it to the defendant. The case was first tried before a jury, to which the court submitted the question whether or not there had been a gift as alleged. The jury was unable to agree upon a verdict. The court thereupon discharged the jury and took upon itself the burden of deciding the case. The court made findings of fact and of law in favor of the plaintiff on which was entered a judgment of foreclosure and sale in the usual form.

The Appellate Division reversed the judgment of the Special Term and made new findings of fact to the effect

that the plaintiff did give the bond and mortgage to the defendant, and that she was not the holder of the same at the time of the commencement of the action. The Appellate Division in thus reversing the determination of the Special Term also dismissed the plaintiff's complaint, with costs.

The record showing this situation presents in this court the question whether or not there was any evidence to support the finding of the Appellate Division that there was a gift of the bond and mortgage by the plaintiff to the defendant, and that she was not, therefore, entitled to recover thereon. (*Acme Realty Co.* v. *Schinasi*, 215 N. Y. 495.)

The bond and mortgage were made on July 26, 1902. It appears from the testimony of the defendant that at that time, and for some years, both prior thereto and afterwards, he and the plaintiff had lived on very friendly terms and that their relations were unduly intimate and meretricious. The defendant was a young unmarried man and the plaintiff was a married woman. They both lived in Plattsburg, or in that vicinity, but the plaintiff's husband was most of the time in San Domingo. On account of the scandal created by the plaintiff's visits to the defendant he lost the position in which he was employed and he also lost standing socially. The plaintiff, who was possessed of considerable property, told him not to worry about that but that she would take care of him.

Shortly before the bond and mortgage were given, the plaintiff told the defendant to buy the house and lot subsequently covered by the mortgage and that she would furnish the money. He did so and he received from the plaintiff the purchase price, $3,500. The plaintiff said nothing about a bond and mortgage at the time, but the defendant prepared and executed a bond and mortgage to her for $3,500 and had the same recorded. When the mortgage was returned from the county clerk's office, after it was recorded, the defendant delivered it with the bond and an insurance policy to the plaintiff. The plain-

tiff kept the papers for a few days and then returned them to the defendant. In returning them she said, referring to the bond and mortgage, "You need not worry about that at all. You will never have to pay it. You just take these papers and keep them." The defendant took the bond and mortgage and has ever since had the same in his possession, and he has never paid any interest thereon.

The friendship between the plaintiff and defendant apparently ceased about the year 1907, though there was no open break between them. In or about the month of February, 1913, the defendant married, and this action was begun the day before his wedding.

The foregoing statement rests in the main on the testimony of the defendant. The plaintiff tells a very different story, but, plainly, unless we are to exclude altogether what the defendant says, there was evidence to support the finding of the Appellate Division that the plaintiff gave the bond and mortgage to the defendant, and we cannot disturb the judgment appealed from. (*Acme Realty Co.* v. *Schinasi, supra.*)

The plaintiff argues that the evidence to establish a gift was not sufficient because there was between the parties the intimate relation that has been referred to, and it furthermore appears that the defendant assisted the plaintiff in the investment of her money and drew legal papers for her, such as mortgages and assignments and discharges of mortgages, and that all this created a confidential relationship which brings the case within the rule that the presumption is against the propriety of the transaction, resulting in the gift of the bond and mortgage, and the burden of establishing that it was voluntary and without any over-reaching or fraud rests upon the defendant, and he has not met the burden. (*Nesbit* v. *Lockman,* 34 N. Y. 167.) This argument goes to the weight of the evidence which was a matter entirely for the consideration of the Appellate Division, and its decision thereon is

not open to review here. But it may be said that in addition to the defendant's testimony there is the undisputed fact that he had the bond and mortgage in his possession from the time it was drawn until the time of the trial, and he never paid any interest thereon.

The plaintiff's counsel argues further that there was not sufficient evidence to establish a delivery of the bond and mortgage to the defendant, and that there should have been some written assignment of the *chose in action* or a formal satisfaction piece executed whereby the mortgage could be discharged of record. But it seems that the law as to gifts contains no such requirement. In *Westerlo* v. *De Witt* (36 N. Y. 340, 345) the court said: "It is clear, upon the authorities cited, that *choses in action*, such as bonds and mortgages, and promissory notes, not indorsed, may be well transferred by delivery only, as a *donatio causa mortis.* * * * As in the case of a gift *inter vivos*, the transfer of such a security would be accompanied with some inconvenience. * * * Still it is quite clear that in either case, in apprehension of death, or among the living, the gift of a mortgage or an unindorsed note, may be effected by a simple delivery of the security." (*Gray* v. *Barton*, 55 N. Y. 68; *Gannon* v. *McGuire*, 160 N. Y. 476.)

The plaintiff also complains of certain rulings on questions of evidence. In explanation of her delay in foreclosing the mortgage, and in serving the summons on the defendant the day before his marriage, she attempted to show that she had consulted counsel with regard to the foreclosure long before the marriage. The testimony was excluded. The exclusion of this testimony, even if error, does not afford sufficient ground for a reversal of the judgment. The same may be said of her testimony that she was accustomed to let her loans run without having the interest paid, which she offered in explanation of why she did not collect interest from the defendant, and which was excluded by the court.

The record presents no error of law leading to a reversal of the judgment appealed from, and I, therefore, recommend that it be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CARDOZO, SEABURY and POUND, JJ., concur.

Judgment affirmed.