449 P.2d 784

Lucille FERREIRA and Jackie Ferreira, a minor, by Lucille Ferreira, as her mother and next friend, Plaintiffs-Appellants,

v.

Gilbert SANCHEZ and Max A. Valdez, Defendants-Appellees.

No. 8620.

Supreme Court of New Mexico.

Jan. 6, 1969.

Rehearing Denied Feb. 7, 1969.

Leslie D. Ringer, Patricio S. Sanchez, Santa Fe, for appellants.

George A. Graham, Jr., Santa Fe, for appellees.

## OPINION

NOBLE, Chief Justice.

Jackie Ferreira, a minor and high-school student, and her mother sued George Chavez, a student at the Mora high school, Gilbert Sanchez, a teacher, and Max A. Valdez, principal of the high school, for personal injuries to Jackie resulting from an alleged negligent discharge of a pistol. The case, tried on its merits without a jury, resulted in a judgment against Chavez and dismissal of the action as to Sanchez and Valdez. Chavez has not appealed. The plaintiffs have appealed from the dismissal of the action against Sanchez and Valdez.

The court found that Kenneth Medina, Gabriel Bustos, George Chavez and Jackie Ferreira were Mora high school seniors and members of the cast of the senior play; that Gilbert Sanchez directed the play; that the script called for a blank cartridge to ·be fired at one place in the play by Gabriel Bustos, and for this purpose Bustos furnished his own gun. ·The court further found that the gun was kept in a safe in the principal's office when not used in the play, and that only Medina and Bustos were to have access to the gun. Just prior to the final performance of the play George Chavez, a member of the cast, without the knowledge of either Valdez or Sanchez, got the gun, inserted a live bullet in it and fired the pistol, injuring Jackie Ferreira. While there was no find-.ing to that effect, it appears undisputed that while Sanchez was helping put "make-up" on the cast, the weapon was lying on a table on the stage.

Relying on Cook v. O'Connell, 65 N.M. 170, 334 P.2d 551; Mares v. New Mexico Pub. Serv. Co., 42 N.M. 473, 82 P.2d 257; and Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900, the plaintiffs assert that error arose because a pistol is a dangerous weapon, State v. Montano, 69 N.M. 332, 367 P.2d 95, and its use on

school premises created an artificial condition involving an unreasonable risk requiring the exercise of a high degree of care by the school authorities. They argue that the court applied the ordinary care test and, accordingly, applied an erroneous rule of law requiring reversal. The correct test to be applied in the law of negligence was explained in Archuleta v. Jacobs, 43 N.M. 425, 94 P.2d 706, where we said there are no degrees of duty; that the test is not whether in degree the care to be exercised should be slight, ordinary, or extreme care, but commensurate care, due care under the circumstances. We defined it thus:

"By the great weight of authority the legal measure of duty, except that made absolute by law, in nearly all legal relations, is better expressed by the phrases 'due care', 'reasonable care', or 'ordinary care', terms used interchangeably. * *

"The degree of care does not vary with the increase or diminution of danger. It continues to be ordinary in degree, but the quantum of diligence to be used differs under different conditions. * *"

See also Rivera v. Ancient City Oil Corp., 61 N.M. 473, 302 P.2d 953; 2 Harper & James, The Law of Torts 945, § 16.13. Cook v. O'Connell, supra; Mares v. New Mexico Pub. Serv. Co., supra; and Krametbauer v. McDonald, supra, relied upon by plaintiffs, do not apply a different rule. In each of them we said that the person charged with the duty must exercise that degree of care which a reasonably prudent person would use under the same or similar circumstances. We recognize, as was said in Archuleta, that even though the degree of care continues to be ordinary care under the circumstances, "the quantum of diligence to be used differs under different conditions," and that because of the position of these defendants in the school system and of their knowledge of the presence of the gun, a greater quantum of diligence was required to constitute due, reasonable or ordinary care under these circumstances,

than would have been required in the absence of a dangerous instrumentality. Nevertheless, we measure the care required by the one standard, i. e., "what would a reasonably prudent person do under like circumstances?" Our review of the record and of the findings makes it apparent that the court applied a correct test as defined by our decisions.

The harm to Jackie was not caused by the direct act of the principal or teacher, but by the intervening act of a third person —George Chavez. The plaintiffs, accordingly, seek to impose liability for negligence upon Valdez and Sanchez by the assertion that in the exercise of the degree of care cast upon them by reason of their positions, they should have foreseen that unauthorized persons might inflict harm with the pistol. Following that theory of negligence, the following findings made by the trial court are challenged as lacking support in the evidence:

"9. The cast of the play was composed of Mora High School seniors all of whom, including Gabriel Bustos and George Chavez, were responsible and dependable persons who at all times conducted themselves in an exemplary manner."

"11. Defendants Max A. Valdez and Gilbert Sanchez did not know or have reason to believe a live bullet would be brought on the premises by George Chavez or by any other person.

"12. The injury to Plaintiff Jackie Ferreira was caused solely by the conduct of Defendant George Chavez."

"14. Defendants Max A. Valdez and Gilbert Sanchez could not have anticipated or foreseen the conduct of Defendant George Chavez which caused injury to Plaintiff Jackie Ferreira.

"15. Defendants Max A. Valdez and Gilbert Sanchez did not cause or contribute to the injury sustained by Plaintiff Jackie Ferreira."

It is true that the mere fact that the injury stemmed from such an intervening act does not of itself exonerate these defendants from negligence, if under the facts of this case the intervening force is reasonably foreseeable. Prosser, Torts (3d Ed.) § 51.

There appears to be no dispute that the play had been rehearsed over a period of time and that two actual performances had been given on preceding nights. The court expressly found that all of the students comprising the cast were responsible and dependable and conducted themselves in an exemplary manner at all times. The record substantially supports that finding. Nothing has been pointed out to us to indicate that any person except those members of the cast having authority to use the weapon had ever before touched it, nor has anything been pointed out to us to cause even a suspicion that anyone would bring a live bullet into the building, much less that any person would under any circumstances point and discharge the weapon at another, whether loaded with a live or blank cartridge. We must recognize the impossibility of a teacher supervising every minute detail of every activity during the preparation and presentation of the class play. After reading the entire record we cannot say, as a matter of law, that the intervening act of George Chavez was reasonably foreseeable by the teachers. Even if the facts would support an inference that harm was foreseeable, they likewise support the findings made. The court, as trier of the facts, has resolved the issue and this court, on review, is bound by those findings which are the facts before us on appeal. Jackson v. Goad, 73 N.M. 19, 385 P.2d 279; Shelley v. Norris, 73 N.M. 148, 386 P.2d 243.

It follows that the court's conclusion that Sanchez and Valdez were not negligent is supported by the findings. The judgment appealed from should be affirmed.

It is so ordered.

MOISE and CARMODY, JJ., concur.