George FAGAN, by and through his natural
father and next friend, Donald
Fagan, Appellant,

v.

Mrs. Lloyd SUMMERS and Park County
School District No. 1, Appellees.

No. 4059.

Supreme Court of Wyoming.

July 6, 1972.

Christian S. Hinckley and Nancy G. Hinckley, of McKinney, Hinckley & Hinckley, Basin, for appellant.

G. J. Cardine, of Cardine & Vlastos, Casper, Ross D. Copenhaver, of Copenhaver & Castberg, Powell, for appellees.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

McINTYRE, Chief Justice.

This case involves a suit for damages brought on behalf of seven-year-old George Fagan against a teacher's aid, Mrs. Lloyd Summers, and Park County School District No. 1.

During a noon recess a fellow student threw a small rock which hit a larger rock on the ground and then bounced up and struck George Fagan, causing him to lose the sight in his left eye. The trial court held a pretrial conference, after which defendants moved for summary judgment. The motion was supported by affidavits made on behalf of the defendants, and counter-affidavits were submitted on behalf of the plaintiff.

The trial court granted summary judgment for both Mrs. Summers and the school district. The questions on appeal are these: (1) Was there a genuine issue of fact with respect to negligence of the school district in its maintenance and care of the playground area? (2) Was there a genuine issue of fact with respect to the negligence of Mrs. Summers in her supervision of the playground?

Pursuant to the provisions of § 21.1–45, W.S.1957, 1971 Cum.Supp., counsel for appellant agrees governmental immunity has been waived only to the extent of personal injury insurance carried by the school district and that plaintiff could recover, if at all, only to the extent of such insurance coverage. But even if there was insurance, we still must examine to see whether plaintiff has shown the existence of substantial evidence of negligence on the part of either defendant, which proximately caused the injury to plaintiff. In other words, did plaintiff make a sufficient showing in this regard to get past the motion for summary judgment?

*The Teacher*

Regarding defendant Summers, she has stated by affidavit that she walked past the plaintiff and five or six other boys twice prior to the accident, while they were sitting on the ground near the school building. The boys were laughing and talking and she saw nothing out of the ordinary. After Mrs. Summers strolled by this group of youngsters, she had walked approximately 25 feet (taking about 30 seconds) when she heard an outcry from plaintiff. The accident happened in that interval.

There is no evidence or indication that Mrs. Summers' explanation is not true. Also, it is claimed on behalf of defendants that Mrs. Summers was reliable, conscientious and capable in her work and a good playground supervisor. This does not appear to be challenged in any of the evidence.

■ There is no requirement for a teacher to have under constant and unremitting scrutiny all precise spots where every phase of play activities is being pursued; and there is no compulsion that general supervision be continuous and direct at all times and all places. Segerman v. Jones, 256 Md. 109, 259 A.2d 794, 805.

In Butler v. District of Columbia, 135 U.S.App.D.C. 203, 417 F.2d 1150, 1152, the court considered it common knowledge, susceptible of judicial notice, that small boys may indulge in horseplay when a teacher's back is turned. And in Ferreira v. Sanchez, 79 N.M. 768, 449 P.2d 784, 787, it was said:

"We must recognize the impossibility of a teacher supervising every minute detail of every activity * * *."

■ A teacher cannot anticipate the varied and unexpected acts which occur daily in and about the school premises. Where the time between an act of a student and injury to a fellow student is so short that the teacher has no opportunity

to prevent injury, it cannot be said that negligence of the teacher is a proximate cause of the injury. Morris v. Ortiz, 103 Ariz. 119, 437 P.2d 652, 655.

■ As far as the instant case is concerned, counsel for appellant was asked during oral argument what should have been done by Mrs. Summers which was not done. His answer was to the effect that she could really not have done more than she did do and she could probably be dismissed from the suit. We consider counsel's answer frank and honest. In view of it and in view of what we have said about the absence of proximate cause on the part of Mrs. Summers, we hold summary judgment for her was proper.

### The District

When counsel for appellant was asked during oral argument what the district should have done which was not done, his answer was that the district should have put the playground in better shape and should have provided more supervisors.

There is evidence that construction of a new school building was taking place. In connection with this construction, the blacktop of the playground had been torn up leaving clods of blacktop and a rough playground. It is also shown that this condition remained for approximately two years.

Although plaintiff alleged in his complaint that he had been hit with a piece of torn-up blacktop, counsel for appellant conceded in oral argument, as far as the record is concerned, plaintiff was hit with a rock. Counsel then advanced the theory that, when the blacktop was torn up, it left rocks from beneath exposed.

There would be a possibility of this set of facts being proved if trial were had.

Therefore, we will assume, for purposes of considering the propriety of summary judgment, that the playground was rough for a long period of time, with the blacktop torn up and rocks from beneath exposed. Although there appears to be no evidence as to where the rock which struck plaintiff came from, we will assume it was one which had been beneath the blacktop prior to ripping up of such blacktop. .

We realize there are cases which hold a school district can be liable for injury resulting from a dangerous and defective condition of a playground. We have found no case, however, which holds rocks on the ground to be a dangerous and defective condition. Left on the ground, a rock will hurt no one.

■ Therefore, if we were to assume the school district was negligent for allowing rocks to be on the playground, we would have to hold the act of a third person who throws one of the rocks and injures the plaintiff an intervening cause of the accident.[1]

The case of Ferreira v. Sanchez, 79 N. M. 768, 449 P.2d 784, 786, which we have referred to previously, involved a case where a live bullet rather than a blank was inserted in a pistol used in a school play. The pistol was shot and plaintiff was injured. The court held injury in that case had not been caused by negligence of the teacher but by the intervening act of a third person.

In the case before us, plaintiff was not injured by negligence, if any, from rocks being on the playground. The injury was clearly caused by the intervening act of a third person—the boy who picked up and threw the rock. Appellant cites no authority for the proposition that such a result was reasonably foreseeable.[2]

1. An intervening cause is one which comes into active operation *after* a defendant's negligent act or omission has occurred; and ordinarily the defendant will be relieved of liability by an unforeseeable intervening cause. Lancaster v. Montesi, 216 Tenn. 50, 390 S.W.2d 217, 221; Cook v. Seidenverg, 36 Wash.2d 256, 217 P.2d 799, 803; and Rawls v. Ziegler, Fla., 107 So.2d 601, 605–606. See also City of Altus v. Wise, 193 Okl. 288, 143 P.2d 128, 131.

2. In Lemos v. Madden, 28 Wyo. 1, 200 P. 791, 794, the Wyoming Supreme

The case of Hoose v. Drumm, 255 App. Div. 417, 7 N.Y.S.2d 973, aff. 218 N.Y. 54, 22 N.E.2d 233, 234, rearg. den. 286 N.Y. 568, 35 N.E.2d 922, involved a claim for damages where the plaintiff's eye had been destroyed when another pupil threw a goldenrod stalk at recess. The court held there was no dangerous condition on the school premises since the standing goldenrod stalks were not pernicious in themselves. The same, of course, can be said of whatever rocks may have been present in the case we are dealing with.

We are impressed with language which was used some years ago in Whiteford v. Yuba City Union High School Dist., 117 Cal.App. 462, 4 P.2d 266, 267. There, an orange had been thrown from the schoolyard. The court said:

"It cannot be successfully contended that the district is liable because Osage oranges, stones, and clubs might be found upon the school grounds. If left upon the school grounds they could do appellant no harm. Some such missiles could doubtless be found upon any school grounds."

Regarding the matter of proximate cause, the case of May v. Board of Education, 269 App.Div. 959, 58 N.Y.S.2d 127, affd. 295 N.Y. 948, 68 N.E.2d 44, 44–45, is in point. There, three boys pulled the plaintiff over backwards. He fell on a clinker which was on the surface of the playground and was injured. The court held the proximate cause of the accident was the "unforeseen" act of the three boys in pulling plaintiff over and not the failure to maintain the playground in a safe condition.[3]

It is apparent from all we have said that the proximate cause of George Fagan's injury was the act of his fellow student in throwing a rock. It was not the failure of the Park County School District No. 1 to maintain the playground in a safe condition.

Appellant has made no effort to show that supervision of the playground was inadequate or that the accident would have been prevented if more supervisors had been present. We need not discuss counsel's casual suggestion that there may have been negligence in this regard.

Summary judgment for Mrs. Summers and for the school district was justified and proper.

Affirmed.

GUTHRIE, J., not participating.

McEWAN, Justice (dissenting).

I agree that the granting of summary judgment as to the playground supervisor, Mrs. Summers, was proper and warranted.

I do not, however, believe that under the facts of this case the questions of negligence and foreseeability as to the school district can properly be disposed of on summary judgment. Although the summary judgment was upheld in Forbes Company v. MacNeel, Wyo., 382 P.2d 56, this court said that issues of negligence are not ordinarily susceptible of summary judgment.

Had this matter been tried upon the same evidence as is before us on the motion for summary judgment, and judgment entered for the defendant, I would affirm. My sole question, then, is whether or not

Court stated, if the original wrong furnished only the condition or occasion, then it is the remote and not the proximate cause. A similar rule is stated in 65 C.J.S. Negligence § 111(4), pp. 1213–1215. Language is added therein to the effect that, if no danger existed in the condition except because of the independent cause, such condition is not the proximate cause. See also Thur v.

Dunkley, Okl., 474 P.2d 403, 405; and Kelly v. Montoya, 81 N.M. 591, 470 P.2d 563, 566.

3. Even if school premises are assumed to be defective and if an injury occurs involving the defect, this does not alone render the school district liable; it must be established that the proximate cause of the accident was the defect. See Annotation 37 A.L.R.3d 738, 746–747.

this was a proper matter for disposal on summary judgment.

On the intervening cause question the majority opinion cites several cases in support of the holding. Examination of those cases reveals that several of them were not disposed of summarily but were tried. The New Mexico case, Kelly v. Montoya, 81 N.M. 591, 470 P.2d 563, was disposed of by summary judgment but was reversed and remanded for trial on appeal, while Ferreira v. Sanchez, 79 N.M. 768, 449 P.2d 784, was tried on the merits. As was said in the *Kelly* case, the party moving for summary judgment has the burden of establishing that there was no material issue of fact to be determined and that movant was entitled to judgment as a matter of law, and the burden is not upon the opposing party to prove a prima facie case. Here the majority opinion seems to place certain requirements upon the plaintiff against whom the summary judgment was granted. In the opinion it is stated:

> "In other words, did plaintiff make a sufficient showing in this regard to get past the motion for summary judgment?"

In discussing the foreseeability question it was said, "Appellant cites no authority for the proposition that such a result was reasonably foreseeable." I think these burdens were on the movant and that they were not met.

Matters considered by the trial court on the motion for summary judgment and favorable to the plaintiff reveal that the plaintiff was seven years of age at the time of the accident and the playground was occupied by children six and seven years of age in the first and second grades; that due to construction and deterioration the playground was torn up and there were rock piles and loose asphalt on the playground area; and that the school board was aware of this condition, which had existed for approximately two years, and had discussed the matter at school board meetings. The playground supervisor had noticed the rock piles and loose asphalt and had warned the students that, " * * * it was dangerous and they weren't to play around there and no throwing rocks of any kind." She had informed the principal that the playground was torn up and wasn't in very good condition and he replied that he was aware of the condition. She also said that young children were more apt to throw rocks than adults, and there was some showing that the children had previously engaged in throwing rocks. There were sufficient factual questions raised so as to preclude the granting of the motion for summary judgment as to the defendant school district.

The majority opinion cites both Oklahoma and New Mexico cases on the question of foreseeability of an intervening cause. However, as noted in *Kelly,* supra, 470 P.2d at 566, the Oklahoma rule and the New Mexico rule are somewhat different. In New Mexico the factual issue of negligence includes the factual issue of foreseeability. According to the *Kelly* case, the Oklahoma rule is that if there is an independent intervening cause the defendant's negligence is either a remote cause or condition and not the proximate cause. It should also be noted that A.L.I. Restatement of the Law (Second), Torts 2d, § 435 (1966), treats the question of foreseeability differently from either the New Mexico or Oklahoma rule. The result reached may or may not be the same upon the application of the three rules to a given factual situation on summary judgment. I wish to point out these various views taken by different courts only because we seem not to have specifically been called upon to adopt any of these views in Wyoming. Which view we ultimately follow may have some effect upon the disposition of such question on summary judgment.

For the reasons set forth I would reverse as to the school district and remand for further proceedings.