2009 WY 135

**Joshua Kent COLLINGS,**
**Appellant (Plaintiff),**

v.

**Alan LORDS, Appellee (Defendant).**

**No. S-08-0225.**

Supreme Court of Wyoming.

Nov. 6, 2009.

Representing Appellant: Mark W. Harris of Harris Law Firm, P.C., Evanston, Wyoming.

Representing Appellee: Raymond W. Martin of Sundahl, Powers, Kapp & Martin, LLC, Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1] Alan Lords hired Joshua Collings to assist him in restoring an older home. Collings was injured while using Lords' table saw. Collings filed a complaint, alleging negligence on the part of Lords. The district court granted summary judgment for Lords, and we affirm.

## ISSUE

[¶ 2] Collings states the single issue as follows:

> Did the District Court err in granting summary judgment and concluding that no genuine issue of material fact existed that Lords' negligence was not a cause of Collings' injuries?

Lords phrases the issue slightly differently:

> Did the District Court err when it found there was no material question of fact that existed upon which to find a causal connection between Lords' alleged negligence and Collings' injuries?

## FACTS

[¶ 3] In 2002, Alan Lords bought a home to restore. He hired Joshua Collings to help him in that process. In November of 2003, as he was making window frames for the house, Collings suffered a serious injury [1] to the index finger and thumb of his left hand while using Lords' table saw to make a "dado" cut through a piece of wood.[2] Collings happened to be alone when his accident happened, but testified that a "test board" became bound in or on the dado blades and a kickback occurred, essentially throwing Collings' hand into the dado blades.

[¶ 4] Collings filed a negligence action against Lords on September 6, 2006. On April 10, 2008, Lords filed a Motion for Summary Judgment and asserted that he owed no legal duty regarding Collings' safety, due to Collings' status as an independent contractor; or, if a legal duty existed, one was not breached, and Lords committed no act which would constitute a proximate cause of Collings' injuries. Collings opposed Lords' motion, and the parties eventually argued the motion at the pretrial conference. An order granting Lords' Motion for Summary Judgment was entered August 20, 2008, noting that the "dispositive issue is whether [Collings] has met his burden of showing any material fact exists that establishes the causation element of his negligence claim." The court concluded that Collings showed "no facts establishing the element of causation." Additional facts will be set out below as necessary.

## STANDARD OF REVIEW

[¶ 5] We recently stated our oft-repeated standard of review when reviewing an order granting summary judgment:

> We evaluate the propriety of a summary judgment by employing the same standards and using the same materials as the district court. *Cook v. Shoshone First Bank*, 2006 WY 13, ¶ 11, 126 P.3d 886, 889 (Wyo.2006). Thus, our review is plenary. *Birt v. Wells Fargo Home Mortg., Inc.*, 2003 WY 102, ¶ 7, 75 P.3d 640, 647 (Wyo. 2003).

---

1. Collings described his injury on the record: "The bone of my left index finger was ripped out between the first and second knuckle. The second knuckle was damaged. I required surgery on my right hip to remove bone that was needed for finger reconstruction, but reconstruction failed and it may now need to be removed down to the second knuckle. My left thumb was damaged and I may need surgery to repair needed skin grafts."

2. A "dado" cut is a type of cut that uses several stackable saw blades to cut a groove into a board on single pass through the saw.

Wyo.R.Civ.P. 56 governs summary judgments. A summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. W.R.C.P. 56(c). When reviewing a summary judgment, we consider the record in the perspective most favorable to the party opposing the motion and give that party the benefit of all favorable inferences which may be fairly drawn from the record. We review questions of law *de novo* without giving any deference to the district court's determinations.

*Cathcart v. State Farm Mut. Auto. Ins. Co.*, 2005 WY 154, ¶ 11, 123 P.3d 579, 586 (Wyo.2005), quoting *Baker v. Ayres and Baker Pole and Post, Inc.*, 2005 WY 97, ¶ 14, 117 P.3d 1234, 1239 (Wyo.2005).

"A genuine issue of material fact exists when a disputed fact, if it were proven, would establish or refute an essential element of a cause of action or a defense that the parties have asserted." *Christensen v. Carbon County*, 2004 WY 135, ¶ 8, 100 P.3d 411, 413 (Wyo.2004) (quoting *Metz Beverage Co. v. Wyoming Beverages, Inc.*, 2002 WY 21, ¶ 9, 39 P.3d 1051, 1055 (Wyo. 2002)). The party requesting a summary judgment bears the initial burden of establishing a prima facie case for summary judgment. If he carries his burden, "the party who is opposing the motion for summary judgment must present specific facts to demonstrate that a genuine issue of material fact exists." Id. We have explained the duties of the party opposing a motion for summary judgment as follows:

"After a movant has adequately supported the motion for summary judgment, the opposing party must come forward with competent evidence admissible at trial showing there are genuine issues of material fact. The opposing party must affirmatively set forth material, specific facts in opposition to a motion for summary judgment, and cannot rely only upon allegations and pleadings ..., and conclusory statements or mere opinions are insufficient to satisfy the opposing party's burden."

The evidence opposing a prima facie case on a motion for summary judgment "must be competent and admissible, lest the rule permitting summary judgments be entirely eviscerated by plaintiffs proceeding to trial on the basis of mere conjecture or wishful speculation." Speculation, conjecture, the suggestion of a possibility, guesses, or even probability, are insufficient to establish an issue of material fact. *Cook*, ¶ 12, 126 P.3d at 890, quoting *Jones v. Schabron*, 2005 WY 65, ¶¶ 9–11, 113 P.3d 34, 37 (Wyo.2005).

*Hatton v. Energy Elec. Co.*, 2006 WY 151, ¶¶ 8–9, 148 P.3d 8, 12–13 (Wyo.2006).

*Loredo v. Solvay Am., Inc.*, 2009 WY 93, ¶ 10, 212 P.3d 614, 618–619 (Wyo.2009).

## DISCUSSION

[¶ 6] In order to maintain a claim of negligence, a plaintiff must prove: 1) the defendant owed the plaintiff a duty of reasonable care; 2) the defendant breached the duty; and 3) the defendant's breach was the proximate cause of injury or loss to the plaintiff. *Andersen v. Two Dot Ranch, Inc.*, 2002 WY 105, ¶ 11, 49 P.3d 1011, 1014 (Wyo.2002). In order for proximate cause to exist, "the accident or injury must be the natural and probable consequence of the act of negligence." *Foote v. Simek*, 2006 WY 96, ¶ 22, 139 P.3d 455, 463 (Wyo.2006). In fact, "[t]he ultimate test of proximate cause is foreseeability of injury. In order to qualify as a legal cause, the conduct must be a substantial factor in bringing about the plaintiff's injuries." *Foote*, ¶ 22, 139 P.3d at 464. In our consideration of cases involving proximate cause, we have discussed not only what constitutes proximate cause, but also what does not:

In *Lemos v. Madden*, 28 Wyo. 1, 200 P. 791, 793 (1921), this court first defined proximate cause as "[t]hat which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred." This same definition has been relied upon in recent years. *Robertson v. TWP, Inc.*, 656 P.2d 547 (Wyo.1983); *Kopriva v. Union Pacific R. Co.*, 592 P.2d 711 (Wyo.1979). In *Lemos v.*

*Madden, supra,* 200 P. at 794, the court also rejected a "but for" rule of causation, stating:

" * * * But if the original wrong furnished only the condition or occasion, then it is the remote and not the proximate cause, notwithstanding the fact that there would have been no loss or injury but for such condition or occasion. * * * "

In later cases our court has identified legal causation as that conduct which is a substantial factor in bringing about the injuries identified in the complaint. *McClellan v. Tottenhoff,* Wyo. 666 P.2d 408 (Wyo. 1983); *Chrysler Corporation v. Todorovich,* 580 P.2d 1123 (Wyo.1978); *Phelps v. Woodward Construction Co.,* 66 Wyo. 33, 33, 204 P.2d 179 (Wyo.1949). The obvious rationalization of that approach with the two propositions found in *Lemos v. Madden, supra,* is that if the conduct is "that cause which in natural and continuous sequence, unbroken by a sufficient intervening cause produces the injury, without which the result would not have occurred," it must be identified as a substantial factor in bringing about the harm. If, however, it created only a condition or occasion for the harm to occur then it would be regarded as a remote, not a proximate, cause, and would not be a substantial factor in bringing about the harm. An alternative method for explaining these concepts is found in the discussions of intervening cause in our cases. *McClellan v. Tottenhoff, supra; Kopriva v. Union Pacific R. Co., supra; Gilliland v. Rhoads,* 539 P.2d 1221 (Wyo. 1975); *Fagan v. Summers,* 498 P.2d 1227 (Wyo.1972); and *Tyler v. Jensen,* 75 Wyo. 249, 295 P.2d 742 (Wyo.1956). An intervening cause is one that comes into being after a defendant's negligent act has occurred, and if it is not a foreseeable event it will insulate the defendant from liability. It is reasonably foreseeable if it is a probable consequence of the defendant's wrongful act or is a normal response to the stimulus of the situation created thereby.

*Killian v. Caza Drilling, Inc.,* 2006 WY 42, ¶ 20, 131 P.3d 975, 985 (Wyo.2006).

■ [¶ 7] Proximate cause is a question of fact in the usual case, reserved for the determination by the trier of fact, unless the evidence is such that reasonable minds could not disagree. The Restatement (Second) of Torts § 434(1) (1965), cited in *Bigley v. Craven,* 769 P.2d 892 (Wyo.1989), states the following regarding causation and the function of the court:

(1) It is the function of the court to determine

(a) Whether the evidence as to the facts makes an issue upon which the jury may reasonably differ as to whether the conduct of the defendant has been a substantial factor in causing the harm to the plaintiff;

(b) Whether the harm to the plaintiff is capable of apportionment among two or more causes; and

(c) The questions of causation and apportionment, in any case in which the jury may not reasonably differ.

*Bigley,* 769 P.2d at 897.

■ [¶ 8] The district court found there was no question of material fact with respect to the causation element of Collings' negligence claim.[3] Indeed, "a plaintiff has the burden of proving *all* four of these elements before negligence can be found ... [and] negligence and proximate cause are never presumed from the happening of an accident, and mere conjecture cannot form the basis of liability." *Vasquez v. Wal-Mart Stores, Inc.,* 913 P.2d 441, 443 (Wyo.1996) (emphasis in original). To quote the district court in the instant case,

[Collings] has the obligation of pointing to specific facts that would prove by a preponderance of evidence that the negligent acts of [Lords] caused the injury to [Collings]

. . . .

**3.** The district court initially found, however, that Collings' motion for summary judgment was de-

nied on the issue of duty.

[Collings] must put forth facts showing [Lords'] actions were a substantial factor in bringing about [the] injury.

[¶ 9] We now turn to the facts in the instant case, in which the question we must address is whether Lords' conduct was a substantial factor in bringing about Collings' injury. Collings asserts error in the district court's finding that viewing the claim "through the evidentiary prism of a preponderance of evidence, reasonable minds could not conclude that [Lords'] failure to warn or the failure to require [Collings] to read the safety portions of the [table saw] manual or any other condition was the cause of his injury." Collings argues that these are facts in the record from which a reasonable mind would find that the damage to his fingers occurred as a natural and foreseeable consequence of Lords' failure to abide by precautionary and reasonable safety standards for use of the table saw. Specifically, Collings points to the fact that Lords failed to warn Collings about the dangers of the saw, and Lords failed to require Collings to read the safety portions of the table saw manual. Also, Collings argues that "facts [were] presented which indicate that the binding of the piece of material being cut could have been caused from the failure to properly place material on the fence of the saw as required by the Owner's Manual." [4] Collings testified that, "I thought [the wood] skipped on the fence from what I remember. That's why I thought there was something on the fence and it skipped and that's what primarily caused the bind up and kickback." As a result, Collings argues on appeal that the binding of the piece of material being cut could have been caused from the failure to properly place material on the fence as required by the owner's manual. Collings states that, "the failure to provide facing for the fence and a kickback of the material being worked on is a natural, probable and foreseeable consequence of not complying with the manual's directions." Finally, Collings argues that Lords was not familiar with the requirements in the owner's manual regarding placing material on the face of the saw fence, or any specific operation of the saw with dado blades.

[¶ 10] We disagree with Collings' argument. In a case such as this, again, the plaintiff must show a reason for his injury. There was no showing made of neglect or failure to perform a duty on the part of Lords. Mere conjecture is never sufficient to establish liability. *Bluejacket v. Carney,* 550 P.2d 494, 497 (Wyo.1976). There is no liability for injuries from dangers that are obvious, reasonably apparent, or as well known to the person injured as they are to the defendant. *Id.* There is no substantial evidence in the record that shows that the accident was a foreseeable consequence of Lords' conduct. Rather, the evidence presented to the district court shows that neither Collings nor Lords knows exactly what caused the blade to bind.

[¶ 11] Specifically, Collings could not identify what Lords did, if anything, to cause the kickback and resultant injury to Collings. Lords knew of Collings' prior experience with both table saws and dado blades. As to the particular task at hand, Collings assured Lords he understood what needed to be done. In fact, there is evidence on the record as to Collings' experience as a cabinet maker and carpenter—in the past, Collings had actually taken precautions to eliminate and/or reduce the risk of the potential and obvious danger of using dado blades. He was familiar with and in the past had made and used "push sticks" when using dado blades. The purpose of a "push stick," according to Collings, is to prevent the operator's hands from coming into contact with the dado blades—the exact scenario in the instant case. By Collings' own account, not keeping wood straight in alignment with the fence and blade on the table saw can cause a bind—the only "input" into keeping a piece of wood in alignment is the operator, who manually pushes the wood across the saw. Lords was not pushing the wood with Collings, and, accordingly, did not proximately cause his injuries.

4. According to Collings, the Owner's Manual for the table saw, instructs owners/users to attach a "wood facing" to the "rip fence."

## CONCLUSION

[¶ 12]  Collings fails on appeal to show any genuine issue of material fact on the element of causation, and, as such, Lords is entitled to judgment as a matter of law. Affirmed.