# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 134

**OCTOBER TERM, A.D. 2021**

*December 6, 2021*

GABRIEL ARTURO MILLER, a minor
child, by and through his next friend,
RACHELLE TRAVIS,

Appellant
(Plaintiff),

v.

SWEETWATER COUNTY SCHOOL
DISTRICT #1; KELLY
COMPTON-MCGOVERN, individually
and in her capacity as Superintendent of
Sweetwater County School District #1;
ANNIE FLETCHER, individually and in
her capacity as Principal of Sweetwater
County School District #1; CAROL
JELACO, individually and as Trustee and
Chairman of the Board for Sweetwater
County School District #1; JOHN
BETTOLO; MAX MICHELSON;
MATTHEW JACKMAN; GEORGE
REEDY; STEPHANIE THOMPSON;
and LENNY HAY, individually and in
their respective capacities as Board
Members and/or Officers of Sweetwater
County School District #1,

Appellees
(Defendants).

S-21-0004

*Appeal from the District Court of Sweetwater County*
*The Honorable Richard L. Lavery, Judge*

*Representing Appellants:*
Nathan W. Jeppsen, Law Office of Nathan W. Jeppsen, Rock Springs, Wyoming.

*Representing Appellees:*
Timothy M. Stubson and Holly Tysse of Crowley Fleck PLLP, Casper, Wyoming. Argument by Mr. Stubson.

*Before FOX, C.J., and DAVIS, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, Justice.

[¶1]    Gabriel A. Miller (Gabriel) claimed through his mother as next friend that he suffered a traumatic brain injury when he fell and struck his head on a PVC pipe that had been placed across a concrete walkway to divert water away from his grade school building. He sued Sweetwater County School District No. 1 (School District) and others, alleging that the negligent placement of the pipes across the walkway created a dangerous condition and caused his injury.[1]  The district court granted the School District's motion for summary judgment, and we affirm.

## ISSUE

[¶2]    The dispositive issue on appeal is whether genuine issues of material fact precluded summary judgment in favor of the School District on Gabriel's claim that its negligent placement of PVC pipes caused his injuries.

## FACTS

[¶3]    On January 9, 2017, Annie Fletcher, the principal of Lincoln Elementary School in Rock Springs, Wyoming, discovered that water draining from the school building had created a large puddle inside the building. The water also collected outside the building and froze, creating a slipping hazard. Principal Fletcher informed the School District's maintenance personnel of the problem, and they addressed it that same day by installing six-inch PVC pipes outside the building to divert the water away from it. The pipes extended across a concrete walkway next to the building as depicted below.

---

[1] The other named defendants included the school principal, the superintendent of Sweetwater County School District No. 1, and the members of the school board for Sweetwater County School District No. 1. Gabriel has not appealed the district court's grant of summary judgment to these separately named defendants, and the claims against them are therefore not at issue in this appeal. We will thus discuss the claims in this case as if they were solely against the School District.

1



SCSD000365 00313

[¶4] During the 2016-2017 school year, Gabriel was a seven-year-old student at Lincoln Elementary. On January 10, 2017, he was returning from lunch recess when he fell and struck his head on one of the PVC pipes, as he later told his mother. He described his fall as follows:

> Q. Do you know – in either of these pictures, again, is there – can you see where it was that you fell, or do you know?
>
> A. I honestly don't know.
>
> Q. Okay.
>
> A. It could have been either – either one.

2

Q. And did you trip over the pipe or do you remember how you fell?

A. I slipped.

Q. You slipped?

A. Yes.

Q. On ice or what?

A. Ice. There was ice on the pathway. Like, I can't remember if it was – it was, like, on – it was ice. I was running, slipped, fell, and that's all I remember.

[¶5] Gabriel was able to rise immediately from his fall, but he was holding his ear when he encountered one of the playground monitors. She asked him what had happened, and he reported that he had fallen on his ear. She then took him to see the school nurse, who said he would be okay and allowed him to return to class.

[¶6] The school's office assistant called Gabriel's mother, Rashel[2] Travis, and informed her that Gabriel had hit his ear. Ms. Travis immediately checked on him and found him to be fine, but later when she picked him up from school, his teacher reported he had become lethargic. By evening he was vomiting and complained of a headache and dizziness.

[¶7] Ms. Travis took Gabriel to the emergency room in Rock Springs that evening. Physicians there diagnosed him with a brain bleed, and that same evening he was transported by ambulance to a children's hospital in Salt Lake City. Physicians confirmed the brain bleed but determined that immediate surgery was not required. The hospital admitted Gabriel for observation and monitored him to see if he needed surgery, but it ultimately discharged him with a referral for rehabilitation and without performing surgery.

[¶8] On January 28, 2017, Gabriel's attorney served a notice of claim on the School District.[3] On January 9, 2019, his counsel filed a civil action against the School District, which he eventually amended to reflect that it was brought by and through his mother. The complaint alleged that the exposed PVC pipes created a dangerous condition on the school grounds and that the School District thus breached its duty to Gabriel to maintain the premises in a safe condition. The complaint also alleged that the School District breached

---

[2] The pleadings filed in the district court show the mother's name as "Rachelle." However, in her sworn statement and deposition, her name is spelled and signed, "Rashel."

[3] The notice of claim included a sworn statement of the claim signed by Gabriel's mother.

3

its duty to use ordinary care in supervising Gabriel, and that it was vicariously liable for the actions of its employees.

[¶9]   The School District moved for summary judgment. As relevant to this appeal, it argued that it was entitled to summary judgment on Gabriel's claims because: 1) even if the placement of the PVC pipes could be considered the negligent operation of a government building for which the Wyoming Governmental Claims Act (WGCA) waives immunity, there was no evidence that the pipes caused Gabriel's injuries; 2) to the extent the presence of ice contributed to Gabriel's fall, there was no evidence that the School District's actions caused an unnatural accumulation of the ice, and the natural accumulation doctrine thus precluded Gabriel's claims; and 3) the area where the PVC pipes were placed was a sidewalk, and the WGCA retains governmental immunity for the maintenance of sidewalks.

[¶10]  Gabriel's counsel responded that the evidence showed that Gabriel fell in the area of the PVC pipes, and he contended that that evidence alone precluded summary judgment. More specifically, he argued, "Whether the pipes directly caused his injury or whether navigating the exposed pipes caused him to fall on the ice the result is the same." Gabriel's counsel did not respond to the School District's claim that the natural accumulation doctrine precluded any claim that the presence of ice caused his fall, and he did not assert that the ice on which Gabriel slipped was an unnatural accumulation. He likewise did not respond to the School District's argument that his claims asserted the negligent maintenance of a sidewalk and that they were therefore barred under the WGCA.

[¶11]  The district court found that the School District failed to make a prima facie showing that it was entitled to summary judgment under the natural accumulation doctrine and thus denied that prong of its motion. With respect to the School District's contention that the WGCA barred Gabriel's claim because it asserted negligent maintenance of a sidewalk, the court discussed the cases applying the WGCA provision but drew no conclusions as to its applicability. Ultimately, the court granted the School District summary judgment on the ground that there was no evidence that the placement of the PVC pipes caused Gabriel's injuries.

> . . . Plaintiff has failed to present any facts demonstrating that Defendants' negligence caused his injuries. While Plaintiff argues the pipes caused him to fall because he was either navigating around them or they directly caused his fall, there is no evidence of that. Even considering this testimony, the only evidence would be that Plaintiff hit his head on a pipe. Plaintiff's mother didn't testify that Plaintiff blamed his fall on the pipes or that he stated that the pipes in any way caused his fall. Plaintiff never suggested that he was trying to maneuver around the pipes. There is nothing to indicate why or how it was caused or that an unreasonably dangerous condition caused the

4

fall. And, Plaintiff's suggestion that the pipe was as hard as the ground below doesn't change the result, because if so then the pipe did not make a difference, hitting his head on the ground would have the same result.

[¶12]   Gabriel timely appealed to this Court.

## STANDARD OF REVIEW

[¶13]   We review a district court's ruling on summary judgment de novo and may affirm on any legal ground appearing in the record. *James v. James*, 2021 WY 96, ¶ 23, 493 P.3d 1258, 1264 (Wyo. 2021) (citing *Burns v. Sam*, 2021 WY 10, ¶ 7, 479 P.3d 741, 743 (Wyo. 2021)).

> We . . . afford no deference to the district court's ruling. *Thornock v. PacifiCorp*, 2016 WY 93, ¶ 10, 379 P.3d 175, 179 (Wyo. 2016). This Court reviews the same materials and uses the same legal standard as the district court. *Id*. The record is assessed from the vantage point most favorable to the party opposing the motion . . . , and we give a party opposing summary judgment the benefit of all favorable inferences that may fairly be drawn from the record. *Id*. A material fact is one that would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties. *Id*.

*James,* ¶ 23, 493 P.3d at 1265 (quoting *Candelaria v. Karandikar*, 2020 WY 140, ¶ 11, 475 P.3d 548, 551 (Wyo. 2020)).

[¶14]   "The party moving for summary judgment bears the burden of establishing a prima facie case and showing 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Woodward v. Valvoda*, 2021 WY 5, ¶ 12, 478 P.3d 1189, 1196 (Wyo. 2021) (quoting *O'Hare v. Hulme*, 2020 WY 31, ¶ 16, 458 P.3d 1225, 1233 (Wyo. 2020); W.R.C.P. 56(a)).   Once that burden is met, "the opposing party is obligated to respond with materials beyond the pleadings to show a genuine issue of material fact." *Id*.   "When the moving party does not have the ultimate burden of persuasion, it establishes a prima facie case for summary judgment by showing a lack of evidence on an essential element of the opposing party's claim." *Scranton v. Woodhouse*, 2020 WY 63, ¶ 23, 463 P.3d 785, 790 (Wyo. 2020) (quoting *Gowdy v. Cook*, 2020 WY 3, ¶ 22, 455 P.3d 1201, 1207 (Wyo. 2020)); *see also Page v. Meyers*, 2021 WY 73, ¶ 10, 488 P.3d 923, 926 (Wyo. 2021); *Burns*, ¶ 7, 479 P.3d at 744.

## DISCUSSION

### A.      Summary Judgment on Causation

[¶15]   To establish negligence, a plaintiff must prove: "(1) the defendant owed the plaintiff a duty to conform to a specified standard of care; (2) the defendant breached the duty of care; (3) the breach proximately caused injury to the plaintiff; and (4) the injury is compensable by money damages." *Burns*, ¶ 8, 479 P.3d at 744 (quoting *Dimick v. Hopkinson*, 2018 WY 82, ¶ 27, 422 P.3d 512, 521 (Wyo. 2018)).   To satisfy the third element of causation, the conduct alleged as negligence must have been "a substantial factor in bringing about the plaintiff's injuries." *Wood v. CRST Expedited, Inc.*, 2018 WY 62, ¶ 10, 419 P.3d 503, 507 (Wyo. 2018) (emphasis omitted) (quoting *Lucero v. Holbrook*, 2012 WY 152, ¶ 17, 288 P.3d 1228, 1234 (Wyo. 2012)).

[¶16]   On appeal, Gabriel's counsel contends, as he did below, that because the evidence showed that Gabriel hit his head on one of the PVC pipes, he must have fallen in their vicinity.[4]   From this counsel argues that because Gabriel was in the pipes' vicinity, it must have been his effort to navigate them that caused his fall and injuries.   In so arguing, he acknowledges that Gabriel did not testify he was attempting to navigate the pipes when he fell or tell anyone that that was what he was doing.   He nonetheless contends "it is clear or at least more likely than not that Gabriel had to navigate the pipes in order to hit his head on them while returning from recess."   He further argues that while Gabriel did not specifically indicate he was navigating the pipes, the School District failed to produce any evidence of an alternative explanation for his fall.

[¶17]   This argument ignores the shifting burdens on summary judgment and the evidence required to oppose a proper motion.   As noted in our standard of review, "[w]hen the moving party does not have the ultimate burden of persuasion, it establishes a prima facie case for summary judgment by showing a lack of evidence on an essential element of the opposing party's claim." *Scranton*, ¶ 23, 463 P.3d at 790 (quoting *Gowdy*, ¶ 22, 455 P.3d at 1207).   As plaintiff, Gabriel bore the burden of persuasion as to all elements of the School District's alleged negligence, including causation. *See Wageman v. Harrell*, 2020 WY 143, ¶ 7, 476

---

[4] At one point in his deposition, Gabriel testified that he fell and hurt his head on a PVC pipe.   Later in the deposition, he testified that he did not remember hitting his head on the pipe.   Gabriel's mother testified that while they were in the emergency room in Rock Springs, he told her he hit his head on a green PVC pipe. She also testified that Principal Fletcher told her that the recess monitor reported that Gabriel fell and hit his head on the pipe.   The School District argued below that Gabriel was not a competent witness and that Ms. Travis' testimony was inadmissible hearsay, so neither's testimony could be used to establish that Gabriel hit his head on the PVC pipe.   The district court rejected this argument.   With respect to Gabriel's testimony, it found that the School District had failed to properly challenge his competence.   With respect to Ms. Travis' testimony, it discussed the hearsay exceptions that might apply, but ultimately determined that for purposes of considering the School District's summary judgment motion, it would assume her testimony was admissible.   Neither party takes issue with this approach, and we will therefore likewise assume that the evidence shows Gabriel hit his head on one of the PVC pipes.

P.3d 657, 659 (Wyo. 2020) ("Mr. Wageman, as plaintiff, bore the burdens of production and persuasion as to Mr. Harrell's negligence.") (citing *In re Hirsch*, 2014 WY 61, ¶ 40, 323 P.3d 1107, 1116 (Wyo. 2014)). This means that if the School District showed a lack of evidence on the element of causation, the burden shifted to Gabriel to oppose summary judgment with admissible evidence of causation.

[¶18] The School District met its prima facie burden on summary judgment. There were no witnesses to Gabriel's fall, and as Gabriel's counsel concedes, Gabriel did not testify or tell anyone that he tripped over the pipes or that he was trying to navigate the pipes when he fell.[5] The record was simply devoid of evidence that the placement of the pipes contributed to Gabriel's fall and injuries.

[¶19] Once the School District made its prima facie showing, Gabriel was required to come forward with evidence that the placement of the PVC pipes was a substantial factor in causing his injuries. His speculation that it is "at least more likely than not that [he] had to navigate the pipes in order to hit his head on them," was insufficient to meet that burden. *See Page*, ¶ 11, 488 P.3d at 926 (evidence opposing summary judgment "must be competent and admissible, lest the rule permitting summary judgments be entirely eviscerated by plaintiffs proceeding to trial on the basis of mere conjecture or wishful speculation") (quoting *Hatton v. Energy Elec. Co.*, 2006 WY 151, ¶ 9, 148 P.3d 8, 13 (Wyo. 2006)); *Varela v. Goshen Cnty. Fairgrounds*, 2020 WY 124, ¶ 36, 472 P.3d 1047, 1059 (Wyo. 2020) ("Speculation, conjecture, the suggestion of a possibility, guesses, or even probability are insufficient to establish an issue of material fact.") (quoting *Kaufman v. Rural Health Dev., Inc.*, 2019 WY 62, ¶ 23, 442 P.3d 303, 311 (Wyo. 2019)). Gabriel offered no evidence of causation aside from his speculation, and he therefore failed to meet his burden on summary judgment.

[¶20] We also reject the suggestion of Gabriel's counsel that the School District was required to support its summary judgment motion with evidence of an alternative explanation for his fall. Negligence is not presumed from the happening of an accident. *See Johnson v. Dale C. and Helen W. Johnson Family Revocable Trust*, 2015 WY 42, ¶ 16, 345 P.3d 883, 887 (Wyo. 2015) ("The fact that an injury occurred, without more, is never sufficient to establish negligence.") (citing *Collings v. Lords*, 2009 WY 135, ¶ 10, 218 P.3d 654, 658 (Wyo. 2009)); *Cook v. Shoshone First Bank*, 2006 WY 13, ¶ 44, 126 P.3d 886, 896 (Wyo. 2006) ("[N]egligence and proximate cause are never presumed from the happening of an accident.") (quoting *Jones v. Schabron*, 2005 WY 65, ¶ 23, 113 P.3d 34, 39-40 (Wyo. 2005)). Because negligence is not presumed, and Gabriel bore the burden of proving each element of his claim, the School District was not required to show, as part of its prima facie case on summary judgment, what caused Gabriel to fall. *Burns*, ¶ 8, 479 P.3d at 744; *Wageman*, ¶ 7, 476 P.3d at 659.

---

[5] The only testimony regarding the pipe was that Gabriel hit his head on it, not that he tripped over it or was attempting to navigate it when he fell.

[¶21]  The School District made a prima facie case for summary judgment when it showed a lack of evidence that the placement of the PVC pipes caused Gabriel's injuries, and Gabriel's counsel failed to respond with anything more than speculation.[6]  The district court therefore properly granted the School District summary judgment on the question of causation.

## B.  Natural Accumulation Doctrine

[¶22]  In his amended complaint, Gabriel's counsel alleged that the School District "failed to remedy the unsafe conditions caused by the exposed PVC drainpipes and thus breached their duty to [Gabriel]."  In its motion for summary judgment, the School District addressed the exposed pipes, but it also preemptively argued that there was no evidence that the ice on which Gabriel slipped was anything other than a natural accumulation.  In response, Gabriel focused solely on the placement of the pipes as the cause of his fall and injuries. He did not respond to the School District's natural accumulation argument, offer evidence on the question, or even assert that the ice was an unnatural accumulation.  On appeal, however, he claims there was evidence of an unnatural accumulation of ice, and the district court's summary judgment ruling must therefore be reversed.

[¶23]  Because Gabriel did not argue to the district court that the ice on which he slipped was an unnatural accumulation, we will not consider his argument on appeal.  We have said:

> When we review a grant of summary judgment, we examine the case in the same manner as the trial court did, and we treat the motion as if it were originally before us, using the identical materials and information that were presented to the trial court. *Pekas v. Thompson*, 903 P.2d 532, 535 (Wyo. 1995). The rule is that a party on appeal "'may only refer to the record as it existed at the time the trial court ruled, outline the arguments made at that time, and explain why the trial court erred in granting summary judgment.'" *Id.* (quoting *Rayner Covering Systems, Inc. v. Danvers Farmers Elevator Co.*, 226 Ill.App.3d 507, 168 Ill.Dec. 634, 589 N.E.2d 1034, 1036 (1992)).

*Beaulieu v. Florquist*, 2001 WY 33, ¶ 10, 20 P.3d 521, 526 (Wyo. 2001) (quoting *Richardson v. Hardin*, 5 P.3d 793, 798 (Wyo. 2000)); *see also Rush v. Golkowski*, 2021 WY 27, ¶ 35, 480 P.3d 1174, 1182 (Wyo. 2021) ("We normally do not consider issues not raised or argued in the district court, except for those issues which are jurisdictional or are

---

[6] The record contains no evidence, and Gabriel made no allegation, that striking his head on the PVC pipe caused injuries different from or greater than any injury he might have suffered had he struck his head on the walkway.

fundamental in nature.") (citing *Smith v. Kelly*, 2019 WY 60, ¶ 22 n.5, 442 P.3d 297, 302 n.5 (Wyo. 2019)).[7]

## C.  Governmental Immunity for Maintenance of Sidewalks

[¶24]  As an additional ground for affirming the district court's summary judgment ruling, the School District contends, as it did below, that the WGCA bars Gabriel's claims. Specifically, it contends that the area where Gabriel fell was a sidewalk, and pursuant to Wyo. Stat. Ann. § 1-39-120, the WGCA retains governmental immunity for the maintenance of sidewalks.  Because we have affirmed the district court's grant of summary judgment on the question of whether the placement of the pipes caused Gabriel's fall and injuries, and we have declined to consider Gabriel's allegation that he slipped on an unnatural accumulation of ice, maintenance of the walkway is no longer an issue.  We therefore need not address the applicability of Wyo. Stat. Ann. § 1-39-120.

[¶25]  Affirmed.

---

[7] Because we decline to address Gabriel's argument that he slipped on an unnatural accumulation of ice, we need not address the School District's claim that the district court erred in concluding that it failed to make a prima facie case for summary judgment on that issue.